OAKES *v.* VAN ZOMEREN.

1. MOTOR VEHICLES—NEGLIGENCE—EXCESSIVE SPEED.

Automobile driver who took no extra precautions when he saw school children alongside street in front of him, but continued down grade on wet, slippery pavement at speed in excess of 20 miles per hour, with result that his car skidded, fatally injuring 7-year old boy who attempted to cross street, may not be said, as matter of law, to be free from negligence.

2. SAME—CONTRIBUTORY NEGLIGENCE—PEDESTRIAN MAY ASSUME THAT CAR WILL BE OPERATED LAWFULLY.

Where 7-year old boy had right to infer that he would have time to cross street in front of approaching automobile without being hit, he was not guilty of contributory negligence, although, due to unlawful speed of car, he was struck and fatally injured, since he had right to assume that car would be operated lawfully.

3. DAMAGES—PAIN AND SUFFERING—PROSPECTIVE EARNINGS—EXCESSIVE VERDICT.

Difficulty of exact ascertainment of damages for pain and suffering and worth of prospective earnings of 7-year old boy accidentally killed should not result in award that is either excessive or inadequate.

4. SAME—SURVIVAL ACT—EXCESSIVE VERDICT.

Verdict of $4,500 for wrongful death of 7-year old boy of normal health and average intelligence cannot be said to be excessive, where his injuries were such that he survived accident for approximately 15 hours.

Appeal from Newaygo; Pugsley (Earl C.), J. Submitted June 4, 1931. (Docket No. 100, Calendar No. 35,673.) Decided October 5, 1931.

Case by Bert Oakes, administrator of the estate of Willard Oakes, deceased, against Derk Van Zomeren for personal injuries received by plaintiff's

As to excessive damages for personal injuries resulting in death of minors, see annotation in L. R. A. 1916 C, 870, 884; 48 A. L. R. 837.

decedent when hit by defendant's automobile. Judgment for plaintiff. Defendant appeals. Affirmed.

*William J. Branstrom,* for plaintiff.

*Harry D. Reber (Pulver & Bush,* of counsel), for defendant.

NORTH, J. Upon trial in the circuit court without a jury plaintiff had judgment for damages arising from an automobile accident which resulted in the death of plaintiff's decedent. Defendant has appealed and presents for review the following questions:

(1) Was defendant guilty of negligence causing the accident?
(2) Was plaintiff's decedent guilty of contributory negligence?
(3) Was the judgment excessive?

Shortly before one o'clock on the afternoon of March 12, 1930, while driving his Ford sedan in a westerly direction on West Main street in Fremont, defendant's machine struck plaintiff's decedent and injured him so seriously that he died a few hours later. From defendant's testimony it appears to have snowed slightly the night before, the pavement was wet and slippery, but the day was bright. The pavement on Main street was 30 feet from curb to curb. In driving west defendant was going down a rather sharp grade. Decedent, who was a month past seven years of age, and other children were on the northerly side of the street and going in an easterly direction on their way to school. Decedent and possibly another boy started to run across the street. Defendant testified his automobile was about

10 feet south of the northerly curb as he was driving along; that he was going about 15 miles an hour; that he first saw deceased on the grass between the north curb and the walk; that he saw the boy "as he started to run across the street;" that he saw him when "he was in front or just about in front" of the automobile; that the boy was close to the center line of the street when he was struck, that defendant applied his brakes, skidded about 40 feet, and stopped on the south side of the street. Defendant also testified that when deceased started to run across the street he was not more than 20 or 30 feet from defendant's car. At the coroner's inquest defendant had testified that he was 40 or 50 feet from deceased and his companion when defendant first saw them start across the street, and that he did not take any extra precaution when he saw these boys alongside the road. He also testified before the coroner: "I don't know as I remember anything until I saw them in front of my car; they stepped out and in as quick as a flash and they were in front of me it seemed."

Other testimony in the record is to the effect that the pavement was not wet and slippery and that defendant was driving at the rate of 35 miles per hour. The circuit judge found defendant was driving in excess of 20 miles per hour and in violation of law in that he was not driving his automobile in such a manner as was reasonably proper considering the condition then existing in the highway. Defendant saw the school children at the side of the street, he knew he was driving down grade on a pavement which according to his own testimony was wet and slippery. He testified: "If it had been dry I am sure I would not have hit the boy." The testimony as to the skidding of the automobile is strongly

indicative of lack of control and unreasonable speed in view of the surrounding conditions and use of the highway. We would not be justified under the record in disturbing the finding of the circuit judge that defendant was guilty of negligence which caused this accident.

In considering the question of contributory negligence of plaintiff's decedent, we must be mindful of the fact that he was a lad of tender years. There is testimony that this boy was well toward the center line of the street before defendant's car came into view. He had a right to be there. There were no other vehicles in the immediate vicinity. Under such circumstances there would seem to be no excuse or justification for defendant so operating his automobile as to strike the boy. After stating that this phase of the case must be considered in the light of the law as announced in *Zylstra* v. *Graham,* 244 Mich. 319, the circuit judge in his opinion said:

"While this boy, considering the question of contributory negligence in its most favorable light for the defendant, might be held that his degree of intelligence was sufficient to bind him to exercise some care in crossing the street, he also had the right to assume that the operators of motor vehicles upon that highway would operate them lawfully, rather than unlawfully, and he could not be bound to presume that he would be overtaken and run down by an automobile unlawfully operated, and in the light of all the surroundings in this case, I am satisfied that he might fairly infer that he would have time to cross the street without being hit by any approaching vehicle, which at that time was close enough to endanger his life if operated according to law. It is, therefore, my conclusion that a recovery on the part of the plaintiff is not barred by any contributory negligence on the part of the deceased boy."

The record sustains the foregoing conclusion of the trial judge.

In urging that the judgment for $4,500 is excessive, appellant's counsel rely much upon the practice provided by our recently revised court rules under which the review of nonjury law cases is by hearing *de novo* in this court. Michigan Court Rule No. 75. They also point out the uncertainty and indefiniteness of the evidentiary facts from which the determination of the amount of damages must be made. But in this latter aspect the instant case is only fairly typical of all cases of this type. There is no mathematical rule by which compensation for pain and suffering may be accurately computed; and the worth of prospective earnings is equally difficult of exact ascertainment. But this unavoidable aspect of such a case should not result in an award of damages that is excessive or in one that is inadequate.

Plaintiff's decedent survived the accident approximately 15 hours. He was at least semi-conscious until a couple of hours before his death. His skull was fractured, his left leg broken, one ear practically torn off, some of his teeth knocked out, he bled from the ears and nose, and the attending physician testified the boy "was black and blue all over his body." Nothing short of a substantial sum can in good conscience be considered as fair compensation for the pain and suffering plaintiff's decedent must have endured. As to prospective earnings, the record disclosed that this boy was rather large of his age, normally healthy, and of average intelligence. His parents, in middle life, are healthy and industrious, though of rather modest earning capacity. Both his paternal and maternal grandparents were people of at least average longevity. The trial judge had the advantage of seeing and hearing other

members of this boy's family and thus being aided in forming judgment as to the worldly prospects of plaintiff's decedent. We have reviewed the record with care and find no reason for differing with the trial judge as to the amount of damages awarded.

The judgment rendered in the circuit court is affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, MCDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.