DEDO *v.* SKINNER.

1. APPEAL AND ERROR—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—
EVIDENCE—DIRECTED VERDICT.

On appeal from verdict and judgment for plaintiff in action
for personal injuries wherein defendant claims as a matter of
law that the court should have held her free from actionable
negligence and also that plaintiff was guilty of contributory
negligence, the Supreme Court must construe the record in the
light most favorable to plaintiff.

2. AUTOMOBILES—SPEED—STATUTES—NEGLIGENCE PER SE.

Driving an automobile in the business district of a city at a
speed of 30 miles an hour in violation of statutory provi-
sions is negligence *per se* (1 Comp. Laws 1929, § 4697, as
amended by Act No. 119, Pub. Acts 1933).

3. SAME—NEGLIGENCE—QUESTION FOR JURY—FAILURE TO KEEP A
PROPER LOOKOUT.

Question of whether defendant motorist was negligent in fail-
ing to keep a proper lookout *held*, for jury on defendant's
appeal from verdict and judgment for plaintiff, where plain-
tiff and one of her witnesses testified plaintiff approached the
street at the opening of an alley, defendant drove her car at
speed of 30 miles an hour in business district of a city in
violation of statute, and defendant testified she did not
see plaintiff until after the accident (1 Comp. Laws 1929,
§ 4697, as amended by Act No. 119, Pub. Acts 1933).

4. SAME—CONTRIBUTORY NEGLIGENCE—SEVEN-YEAR-OLD CHILD—QUES-
TION FOR JURY.

Whether or not seven-year-old child was guilty of contributory
negligence barring recovery for personal injuries suffered when
injured by defendant motorist's car *held*, for jury, where
evidence shows plaintiff sought to cross a street elsewhere
than at crosswalk, approached street from an alley, and while
on sidewalk made an observation as to approaching vehicles
and testified she saw none and evidence was conflicting.

Function of court and jury on the question of contributory negli-
gence, see 2 Restatement, Torts, § 476.
Standard of care required of a child, see 2 Restatement, Torts,
§ 283 (e) and § 464 (2).
Standard of conduct fixed by legislative enactment, see 2 Restate-
ment, Torts, § 285 and illustration 2 and § 286.

5. Negligence—Infants.

   Whether an infant exercised due care to avoid danger is not to be measured by the rigid rule applicable to adults, but the standard to be applied is whether the child exercised such care as is ordinarily exercised by children of the same age, capacity, discretion, knowledge and experience under the same or similar circumstances, lack of capacity being imputed up to the age of seven years.

6. Appeal and Error—Great Weight of Evidence—Verdict.

   In action for personal injuries sustained by a seven-year-old pedestrian when injured by defendant motorist's car, where there was evidence tending to support the contentions of each of the parties, verdict for plaintiff will not be set aside as contrary to the great weight and preponderance of the evidence.

7. Same—Excessive Verdict—Prejudicial Argument—Remittitur.

   Claim that verdict for plaintiff in action for personal injuries was the result of passion and prejudice engendered by plaintiff's counsel, that it was grossly excessive and, as to damages awarded, contrary to court's instructions, and that because of plaintiff's failure to comply with order for remittitur a new trial should have been had, held, insufficient ground for reversal, under record presented.

8. Damages—Excessive Verdict—Personal Injuries.

   Judgment for $3,357 for personal injuries sustained by seven-year-old plaintiff when struck by defendant's automobile held, not excessive.

Appeal from Gogebic; Landers (Thomas J.), J. Submitted October 24, 1940. (Docket No. 10, Calendar No. 41,091.) Decided February 7, 1941.

Case by Elizabeth Dedo by Mary Dedo Borek, her next friend, against Christine L. Skinner for personal injuries sustained when she was struck by defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*S. W. Patek* and *L. J. McManman,* for plaintiff.

*Ivan D. Wright,* for defendant.

NORTH, J.   On trial by jury Elizabeth Dedo, a minor, in a suit brought by her next friend, had verdict and judgment for injuries sustained as the result of being struck by a Buick sedan owned and driven by defendant, Christine L. Skinner. Defendant has appealed.

We refer herein to the minor as plaintiff.   The accident occurred shortly before noon of a pleasant day, August 15, 1938, when plaintiff was attempting to go in an easterly direction across the 39-foot pavement of Lowell street in Ironwood, Michigan. She was seriously injured when struck by defendant's automobile going in a southerly direction on its right-hand side of the street.   The location is in the city's business section.   Plaintiff, who was then a week under seven years of age, had left the sidewalk on the westerly side of the street somewhere near the center of the block, not at a crosswalk.   As she reached a point somewhat easterly of the line of cars parked on the west side of the street, the accident happened.

Defendant claims plaintiff ran out from between two parked cars and into the front portion or in front of defendant's car which defendant asserts was going at 15 miles per hour or less.   Defendant contends plaintiff's own fault caused the accident, and that defendant herself was free from negligent conduct.   On the other hand, plaintiff says she came out of an alley which extends west from Lowell street, and when on the sidewalk she looked for automobiles coming either from the north or from the south, and did not see any.   She charges defendant was negligent in that she was driving her automobile at a dangerous, unreasonable, and unlawful rate of speed, that she failed to keep the automobile under control, failed to maintain a proper lookout, and failed to give warning of the approach of the automobile.

The primary controversy on this appeal is presented by appellant's contention that as a matter of law the trial court should have held defendant was free from actionable negligence, and also that plaintiff was guilty of contributory negligence. These questions were raised by appropriate motions in the trial court. In reviewing these issues we must construe the record in the light most favorable to plaintiff.

A careful review of this record brings the conclusion it cannot be said as a matter of law that defendant was free from negligence. There was testimony for the jury to the effect that defendant was driving her car in this business section of Ironwood at the rate of 30 miles an hour. This was in violation of statutory provisions[*] and was negligence *per se*. And, further, at the time and place of the accident in the comparatively narrow business street, cars were parked all along the curb to defendant's right. Also, under defendant's own testimony she did not see plaintiff at all until after the accident. If consideration is to be given to the testimony of plaintiff and one of her witnesses, as must be done, that she approached the street at the opening of the alley, facts appear which necessitate submitting to the jury the question whether the defendant was guilty of negligence in failing to keep a proper lookout.

Likewise our review of the record brings the conclusion that the testimony presented an issue of fact as to whether plaintiff was guilty of contributory negligence. Both she and the little girl who was accompanying her testified that before going upon the street plaintiff made an observation from the sidewalk as to approaching vehicles, and plaintiff

---

[*] See 1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 4697; Stat. Ann. § 9.1565).—REPORTER.

testified she saw none. In considering her conduct in thereafter attempting to cross the pavement it must be borne in mind that plaintiff was a child of tender years.

"As to whether an infant exercised due care to avoid danger is not to be measured by the rigid rule applicable to adults, but the standard to be applied to the conduct of a child is whether it exercised such care as is ordinarily exercised by children of the same age, capacity, discretion, knowledge and experience under the same or similar circumstances." *Bridges* v. *Dahl* (C. C. A.), 108 Fed. (2d) 228.

"When contributory negligence is sought to be attributed to a child, the child can only be held to that degree of care which may reasonably be expected from one under the same conditions, of the same age, sex, intelligence, and judgment. * * * The general rule imputes lack of capacity up to the age of 7 years." *Clemens* v. *City of Sault Ste. Marie,* 289 Mich. 254.

We are mindful defendant urges that the testimony of a greater number of witnesses tends to establish plaintiff's contributory negligence than to the contrary, and also that plaintiff's testimony on cross-examination pertaining to this issue contradicted that given by her on direct examination. But notwithstanding these circumstances, in view of the record as a whole we do not find plaintiff was guilty of contributory negligence as a matter of law.

Appellant also urges that the judgment should be vacated on the ground that the verdict of the jury was "against the clear weight and preponderance of the evidence." Counsel for the respective parties have briefed this phase of the appeal in a thorough and helpful manner; but in the main the contention of each finally resolves itself into stressing the

greater plausibility of the witnesses who testified favorably to his client and in pointing out inconsistencies or lack of persuasiveness of contrary testimony. It is not surprising that there should be quite decided conflict in the testimony of disinterested eyewitnesses to an accident which happened so unexpectedly and suddenly as the one which has given rise to this suit. Especially is this true when witnesses were not called upon until some time thereafter to give their recollection of details to which there was no occasion at the time for giving special attention. In cases of that character there is always present the possibility of a witness making an honest mistake. But this record forces the conclusion that there is competent and persuasive testimony tending to sustain the contention of each of these litigants as to the manner in which and the exact place where the accident happened. If the jury believed the testimony favorable to plaintiff as against that which tended to discredit plaintiff's claim, the record is sufficient to justify the verdict rendered. The testimony which defendant stresses in her behalf, as against that favorable to plaintiff, is not of that degree of persuasiveness which would justify a holding in this Court that the jury's verdict was contrary to the great weight and preponderance of the evidence.

Consideration has been given to other questions raised by appellant, among them that the verdict was the result of passion and prejudice engendered by plaintiff's counsel, that it was grossly excessive and as to damages awarded was contrary to the trial court's instructions; and that because of plaintiff's failure to comply unconditionally with the trial court's order for remittitur in the amount of $643, a new trial should have been had. After careful re-

view of all of the questions presented on this appeal we conclude that they do not disclose sufficient ground for reversal.

Judgment in the circuit court in the amount of $3,357, as reduced by plaintiff's remittitur, with taxable costs, is affirmed. Appellee will have costs of this Court.

Sharpe, C. J., and Bushnell, Boyles, Chandler, McAllister, Wiest, and Butzel, JJ., concurred.