## JOHANNES v. ROOKS.

AUTOMOBILES—MINOR PEDESTRIANS—CONTRIBUTORY NEGLIGENCE— EQUALLY DIVIDED COURT.

Verdict and judgment for girl who was 8 years and 9 months old when she sustained a fractured leg as she crossed slippery pavement of a State trunkline highway and collided with car driven by defendant motorist, is affirmed by a court equally divided as to whether question of contributory negligence of plaintiff was for determination by the jury or whether she should have been found guilty of contributory negligence as a matter of law.

Appeal from Allegan; Miles (Fred T.), J. Submitted June 15, 1948. (Docket No. 63, Calendar No. 44,127.) Decided November 12, 1948.

Case by Shirley Johannes, by Henry Charles Johannes, Sr., her next friend, against Ruth Rooks for personal injuries sustained when she was struck by defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed by an equally divided court.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] See 3 Am. Jur., Appeal and Error, § 1160.

*Leo W. Hoffman,* for plaintiff.

*Allaben & Wiarda,* for defendant.

REID, J. (*for affirmance*).  Plaintiff, a minor, brought this suit by next friend to recover damages for personal injuries inflicted upon her by an automobile driven by defendant. Plaintiff had judgment upon the verdict rendered by the jury. Defendant appeals. An important question in the case arises because of defendant's claim that plaintiff was guilty of contributory negligence, as a matter of law.

The accident occurred shortly before 9 a.m., February 26, 1947, on State highway M-89 west of Fennville near the Peach Belt school. Plaintiff Shirley Johannes was 8 years and 9 months old and lived with her parents on the north side of M-89 about 20 rods west of the schoolhouse, which was southerly from M-89 and easterly of a north and south road which intersects M-89 with a jog. The Johannes residence was about 300 feet from the intersection. Plaintiff walked easterly on the northerly berm of M-89 to a point about opposite the westerly side of the north and south intersecting road. She there turned to cross M-89, and waited for two westbound automobiles to pass. The two automobiles were near together. A third automobile, also going west (driven by plaintiff's witness VanderMeer), was about 800 feet back of the two that passed plaintiff. Plaintiff's view to the west was temporarily obstructed by the two automobiles that had just passed in front of her. She then started to cross M-89. There is no testimony directly showing that plaintiff looked to the west before starting to cross M-89. Witness VanderMeer testified that she looked, but did not testify which way she looked. He further testified that when defendant Rooks' car was about 300

feet from the intersection, defendant sounded her auto horn and plaintiff was at the center of the pavement going south, tried to stop but couldn't on account of the slippery pavement and the two [plaintiff and defendant's car] came together about 2 feet south of the center of the intersection. The left end of the front bumper and left mud fender of defendant's car collided with plaintiff. Plaintiff was thrown some distance and her leg was broken.

Defendant was a teacher in the Fennville school. She had driven the road in question, M-89, several times before, when another road was rendered impassable, in going to her school duties in Fennville. She testified she was driving 30 to 35 miles per hour. About 600 feet westerly of the point of collision is the crest of a small hill, and there is a slight downgrade to the point of collision. The highway from the crest of the hill through the intersection was covered with packed snow and was extremely slippery.

Plaintiff's witness VanderMeer testified defendant was driving 50 miles per hour; that after the two cars passed plaintiff, plaintiff looked and started across; that defendant's car was some 300 feet west of plaintiff when VanderMeer heard defendant honk her auto horn; and that defendant's car started to swerve a "good 200 feet" back from where plaintiff was standing. A sign "school zone" was 400 feet west of the crossroad and on the south side of the highway. A scraper had gone through and piled up the snow and the snow was also scraped off the berm.

Defendant Rooks testified that as she came over the brow of the hill, she saw other cars on the highway approaching, coming west. She testified that she met the second car "about a car length" before she saw plaintiff Shirley. Defendant testified that when she first saw Shirley, Shirley was on the north

side of the pavement running toward the south toward the school building, that she did not look toward defendant, that she was looking in the direction that defendant was driving, *i.e.,* east. Defendant says that when she saw plaintiff there running south on the ice-covered cement, she blew her horn and stepped on the brake and pulled to her right, and claims plaintiff ran into the left front fender about where the hub cap is, and that after the collision the car after traveling some distance was headed back in the direction defendant was going when it came to a stop off the concrete on the south side of the road.

Plaintiff claims that the testimony supports the statement that the defendant, a schoolteacher, was driving 50 miles per hour in a school zone downhill upon a very slippery road at about the time children would be on their way to school. Plaintiff further claims that defendant should have noted the school zone sign and should have had her car under control and that defendant for want of proper discharge of the duties incumbent upon her is to be deemed negligent.

Plaintiff's teacher, produced as a witness by the defendant, swore that plaintiff is an average child. She was in the third grade in school.

In *Franks* v. *Woodward,* 258 Mich. 447, the plaintiff was a boy 10 years and 10 months of age at the time of his injury; he was in the sixth grade in school, had missed no grades and was an intelligent boy for his years; he stepped in front of a rapidly traveling automobile when it was only 12 to 20 feet from him. If plaintiff had looked he could have seen the automobile. He was held guilty of contributory negligence.

In *Moore* v. *Cook,* 275 Mich. 578, plaintiff was a girl 9 years and 8 months of age, in the fourth grade at school, had been raised in the city and was famil-

iar with street conditions. She had been apprized of the danger of crossing in front of an approaching car. Although the car's lights were shining, she evidently stepped in front of the car or ran against the side of the car and was held guilty of contributory negligence. We affirmed the judgment for defendant notwithstanding the verdict.

In the case at bar, plaintiff was younger than either plaintiff in the foregoing cases, the *Franks Case* and the *Moore Case*. It can be considered that the jury found that after waiting for the two cars to pass and while those two cars were briefly obstructing her view westerly to the crest of the hill, plaintiff Shirley determined that the road was clear and that she had an opportunity to pass but that after the two cars had gone still farther and thus cleared the view for her, she was taken by surprise because of the great speed of defendant's car. There was a further element of surprise for her in finding herself unable to stop because of the slippery condition of the road, which possibility she had perhaps not considered as carefully as an adult person would have done. The actions of plaintiff in waiting for the two cars to pass and in endeavoring to stop before proceeding into the southerly portion of the highway, show that she was not heedlessly rushing into danger. Whether or not her actions in view of all the circumstances are to be considered as showing she was as prudent and careful as an ordinarily prudent girl of her age, knowledge, intelligence and experience, was a matter for the jury.

Plaintiff had a right to assume that defendant would not approach at such an excessive rate of speed as 50 miles an hour under the conditions then prevailing.

In *Clemens* v. *Sault Ste. Marie,* 289 Mich. 254, plaintiff was a boy 8 years and 3 months of age at the time of his injury. He had been playing at the

side of the street with a homemade parachute consisting of a rock tied to a handkerchief which was rolled up when thrown and as it unfolded opened like a parachute. The wind caught this improvised parachute and carried it into the middle of Spruce street. Plaintiff saw the approaching automobile, thought he had time to retrieve his parachute, followed it into the street, but defendant's car was coming at 45 to 50 miles an hour and plaintiff was struck and injured. We say at pages 256, 257:

"The sole question presented is, should the trial court have directed a verdict for defendants on the ground plaintiff was guilty of contributory negligence as a matter of law?

"The general subject of the degree of care to be expected of children is exhaustively discussed in 1 Thompson on Negligence (2d Ed.), chap. 11, art. 2, §§ 306–318, and in 5 Thompson on Negligence (2d Ed.), chap. 151, art. 8, §§ 6309–6313.

"We think the rule sustained by the weight of authority is that the question of contributory negligence of a boy of the age of plaintiff under the circumstances of this case was a question of fact for the jury.

"It is unlawful to expect or demand of any human being judgment or caution not naturally to be expected from persons of his age and capacity. *Hargreaves* v. *Deacon*, 25 Mich. 1. In deciding upon the degree of diligence to be required of children, or other persons more or less incompetent, that incompetency must be taken into account; and no higher degree of diligence must be required of such persons than we have a right to expect, or than experience has shown such persons generally would be likely to exercise under like circumstances. *Daniels* v. *Clegg*, 28 Mich. 32. * * * The caution required is according to the maturity and capacity of the child, and this is to be determined in each case by the circumstances of that case."

See, also, *Zylstra* v. *Graham,* 244 Mich. 319; *Oakes* v. *Van Zomeren,* 255 Mich. 372; *Dedo* v. *Skinner,* 296 Mich. 299, 302, 303.

Defendant complains of the charge as to the rule of contributory negligence. The court in his charge to the jury properly covered that subject and among other things, said:

"In considering the matter of contributory negligence of the plaintiff child, if the plaintiff has not established that she was free from negligence that contributed to the accident she may not recover. * * *

"If you find under all the facts in this case that the plaintiff child did not exercise the care and precaution that a person of her age, intelligence, knowledge and experience should have exercised in crossing the highway and that such failure contributed [to] causing the accident and as a result thereof she was injured, of course, she cannot recover."

Other claimed grounds of error are not such as to merit discussion. The judgment for plaintiff is affirmed. Costs to plaintiff.

BUSHNELL, C. J., and SHARPE and CARR, JJ., concurred with REID, J.

DETHMERS, J. (*for reversal*). The burden was on plaintiff to prove every material element of her case, including freedom from contributory negligence. *Batchelor* v. *Famous Cleaners & Dyers, Inc.,* 310 Mich. 654; *Fish* v. *Grand Trunk Western Railway Co.,* 275 Mich. 718. There is no proof that she looked to her right, the direction from which defendant's automobile was approaching, before starting to cross the highway or at any time thereafter until it was too late to avoid the accident. In *Malone* v. *Vining,* 313 Mich. 315, this Court said:

"Under present-day traffic conditions a pedestrian, before crossing a street or highway, must (1) make proper observation as to approaching traffic, (2) observe approaching traffic and form a judgment as to its distance away and its speed, (3) continue his observations while crossing the street or highway, and (4) exercise that degree of care and caution which an ordinarily careful and prudent person would exercise under like circumstances. In *Pearce* v. *Rodell*, 283 Mich. 19, 37, we approved the following charge by the trial court:

" 'Pedestrians upon the public highway have a right to assume in the first instance the driver of an automobile will use ordinary care and caution for the protection of pedestrians, nevertheless the pedestrian must not rest content on such assumption, if there comes a time where he knows, or ought to know by the exercise of reasonable care, he is being placed in danger. He must take such care for his own safety as a reasonable, careful, prudent person would do under similar circumstances.'

" 'We have repeatedly held that one must look before entering a place of possible danger, such as crossing an intersection, and maintain observation while crossing.' *Carey* v. *De Rose,* 286 Mich. 321, 323."

In the *Malone Case* and in *Sloan* v. *Ambrose,* 300 Mich. 188; *Beers* v. *Arnot,* 308 Mich. 604; *DeJager* v. *Vandenberg,* 288 Mich. 136 (6 N.C.C.A. [N.S.] 341); *Haley* v. *Grosse Ile Rapid Transit Co.,* 290 Mich. 373, and *Anderson* v. *Bliss,* 281 Mich. 323, the plaintiffs were struck by motor vehicles while crossing streets without having looked for, or having made proper observations as to the speeds and distances of, or having given due heed to, such approaching vehicles. Each was held guilty of contributory negligence as a matter of law.

In the *Sloan Case* plaintiff looked in both directions, did not see defendant's automobile approach-

ing, and thereupon crossed half the street under the protection of a green traffic light. The light then changed. Plaintiff proceeded to cross the last half of the street without having made any further observation of approaching traffic and was struck by defendant's automobile coming from her right. She was held guilty of contributory negligence as a matter of law.

In the *Beers Case* plaintiff looked to the west as he stood on the north edge of the road, saw no car coming, and proceeded south to cross the road, passing behind a truck standing in the north half of the road. He was struck by an automobile coming from the west while he was crossing the south half of the road. For failure to make proper observation of defendant's approaching automobile as he came from behind the standing truck and before entering the south half of the road, plaintiff was held guilty of contributory negligence as a matter of law.

In the *DeJager Case* plaintiff, proceeding south, safely crossed the north half of a street under protection of a green light, which changed as he reached the center of the street. He looked to the west while walking in front of a standing eastbound car, which he passed without again looking to the west, and walked into the side of defendant's eastbound car, which passed the standing car on its right. Plaintiff was held guilty of contributory negligence as a matter of law for making no observation to the west after passing in front of the parked car. This Court said:

"Plaintiff looked when he could not see and did not look when he could have seen. The slightest care on his part would have saved him from walking against defendants' automobile. If defendants were guilty of negligence, plaintiff was guilty of contributory negligence, as a matter of law. *Steele* v. *Hamilton,* 218 Mich. 522; *Molda* v. *Clark,* 236 Mich. 277;

*Neeb* v. *Jacobson,* 245 Mich. 678; *Russo* v. *City of Grand Rapids,* 255 Mich. 474; *Brodie* v. *City of Detroit,* 275 Mich. 626."

In the *Anderson Case* this Court observed that the plaintiff would have been safe had he remained on the west half of the pavement, but held him guilty of contributory negligence as a matter of law in entering and attempting to cross the east half thereof without looking to observe defendant's approaching northbound automobile by which he was struck.

Plaintiff had the right to assume that defendant would drive her automobile in a lawful manner and not at an excessive rate of speed. Plaintiff had no right to proceed heedlessly, in complete reliance upon that assumption, without making and maintaining a due observation. *Malone* v. *Vining, supra.*

Plaintiff contends that when she started south to cross the highway defendant's automobile was out of view beyond the crest of a hill to the west; that the two westbound automobiles obstructed her view to the west; that she was not guilty of negligence in crossing the north half of the highway, which she had a right to assume was a place of safety for her as relates to traffic coming from the west. Nevertheless, her failure to look and to see defendant's automobile after it had come into view and after plaintiff had approached near enough to the center of the highway to be able to look along the south side of the two westbound automobiles and before she entered the south half of the pavement, as well as her failure to cross the north half of the highway in such a manner as to be able to stop, if necessary, in order to make due observations westward before entering the south half of the pavement, these rendered her guilty of contributory negligence as a matter of law.

It is urged that the above authorities are in point when the plaintiff is an adult, but that they have

no application to plaintiffs who are children. Mr. Justice REID relies on *Clemens* v. *Sault Ste. Marie,* 289 Mich. 254; *Zylstra* v. *Graham,* 244 Mich. 319; *Oakes* v. *Van Zomeren,* 255 Mich. 372, and *Dedo* v. *Skinner,* 296 Mich. 299, as authority for the proposition that the question of plaintiff's contributory negligence was one for the jury. The holding in the *Oakes Case* was predicated on the tenderness of plaintiff's years, one month past seven years, and the fact that plaintiff, when struck, was well toward the center of the street where, as this Court said, he had a right to be. In the *Zylstra Case* decision seems to have turned entirely on the fact that plaintiff was but 6 years and 3 days old, this Court saying that the tenderness of his years left the question of his contributory negligence one of fact for the jury. In the *Dedo Case* plaintiff, a girl just under 7 years of age, testified that she looked up and down the street before attempting to cross it and saw no car approaching. In the *Clemens Case* plaintiff was a boy 8 years and 3 months old, who, before entering the street, looked, saw defendant's car approaching, and thought he had time to enter the street and return to safety. The factual situations in these cases are clearly distinguishable from those in the case at bar. Here the plaintiff, 8 years and 9 months old, in the third grade at school, of average intelligence for her age, familiar with the highway on which she lived and which she crossed daily in going to school, testified, "But I did know that I had to be awful careful crossing this highway. I knew that autos come back and forth sometimes kind of fast." She also testified that her parents had told her to be careful to look out for automobiles "pretty near every morning," and that her teacher had also told her so. With that background and knowledge of the situation, its dangers and her duty to look out for automobiles before crossing the high-

way, she nonetheless crossed the highway without looking west toward defendant's approaching automobile.

It is not the rule in Michigan that while adults are held guilty of contributory negligence as a matter of law when injured in crossing streets without making due observations, nevertheless when children do the same the question of their contributory negligence must necessarily be one of fact for a jury. In *Henderson* v. *Citizens Street Railway Co.,* 116 Mich. 368, this Court held an 8-year-old boy guilty of contributory negligence as a matter of law who appreciated the danger of running in front of a streetcar and the necessity of taking precautions, but, who, nonetheless, ran in front of a streetcar without taking precautions. This Court said:

"If the boy had sufficient intelligence to appreciate the danger, and had in mind the necessity of taking precautions, it is not necessary that he should have had the intelligence of an adult fully."

In *Trudell* v. *Railway Co.,* 126 Mich. 73 (53 L.R.A. 271), a boy 7 years and 4 months of age, who knew and appreciated the danger of being in the way of a train, was held guilty of contributory negligence as a matter of law for remaining on a track, in front of an approaching train, watching another train coming on another track from the opposite direction until struck and injured. This Court said in that case:

"There is no reason in this case for saying that he did not apprehend the danger, nor that he was of immature years, and must therefore be excused from exercising any care. Age is not the true test in such cases. It is the intelligence of the boy, not his age, that must control."

In *Apps* v. *Walters,* 216 Mich. 17, a 9-year-old boy, whose father had always instructed him to look

before crossing a street and who appreciated the danger of attempting to run across the street in front of an automobile, suddenly ran onto the street in front of defendant's automobile and was struck. He was held to be guilty of contributory negligence as a matter of law. In *Stahl* v. *Michigan Central Railroad Co.,* 227 Mich. 469, a 7½-year-old girl, killed by a train at a public crossing, who was familiar with the surroundings and had been warned of the danger, but who ran onto the track without looking or listening, was held to be guilty of contributory negligence as a matter of law. In *Zebell* v. *Buck,* 263 Mich. 93, a girl, 7 years and 2 months old, had been cautioned repeatedly by her mother about the dangers of traffic and seemed to understand her mother's instructions with regard to the care she was to exercise. She ran from behind a parked automobile into the path of defendant's automobile and was struck. She was held to be guilty of contributory negligence as a matter of law. In that case, in discussing *Stehouwer* v. *Lewis,* 249 Mich. 76 (74 A.L.R. 844), this Court said:

"We held that contributory negligence was a question properly left to the jury in that particular case, but did not, as appellant contends in the instant case, enunciate a general rule that the contributory negligence of infants is always a jury question. Such a decision would have been a departure from a long line of authority in this State."

In *Brinker* v. *Tobin,* 278 Mich. 42, a girl, 7 years and 7 months old, who testified that she knew it was dangerous to go out into the road without looking and that traffic was heavy on the street in question, but who ran into the street and was struck by defendant's automobile, was held guilty of contributory negligence as a matter of law, this Court quoting with approval what was said concerning a 9½-year-

old boy in *Mollica* v. *Railroad Co.*, 170 Mich. 96 (L.R.A.1917F, 118), as follows:

" 'The fact that he may not have as mature judgment as an adult will not excuse him from exercising the judgment and discretion which he possesses, or from heedlessly rushing into known dangers. Where the dangers are known and understood by him, the rule of contributory negligence is fully applicable.' "

In *Ackerman* v. *Advance Petroleum Transport, Inc.*, 304 Mich. 96, a boy slightly over 8 years old ran into the side of defendant's moving tank trailer and was killed. The boy's father had cautioned him as to the danger in crossing the street on which the accident occurred. As he approached and entered the street, just before being struck, he was looking backward at some boys who were snowballing him. He was held to be guilty of contributory negligence as a matter of law. This Court said:

"The fact that plaintiff's decedent may not have had as mature judgment as an adult will not excuse him from exercising the judgment and discretion which he possessed or from heedlessly rushing into apparent and known danger. If he knew and understood the risk and danger of crossing a street intersection in which traffic was passing, then the rule of contributory negligence is properly applicable. * * *

"Plaintiff's decedent was not relieved of the duty of making proper observation before crossing Florence street merely by reason of his age or the fact that other boys were snowballing him."

The plaintiff, 8 years and 9 months old, in the third grade, of average intelligence, familiar with the road and the traffic thereon, who had been repeatedly cautioned by her mother and teacher to look out for automobiles and to be careful in crossing the highway, clearly appreciated the danger of

crossing the highway without looking and the necessity of taking precautions and looking out for approaching cars. The rule of contributory negligence was properly applicable to her and she must be held to have been guilty thereof as a matter of law, barring her right to recovery.

Judgment for plaintiff entered on the verdict should be reversed and a judgment of no cause of action entered on defendant's motion for judgment *non obstante veredicto,* with costs in both courts to defendant.

BOYLES, NORTH, and BUTZEL, JJ., concurred with DETHMERS, J.