## VANDENBERG v. PROSEK.

1. AUTOMOBILES — PEDESTRIANS — YOUNG CHILDREN — CONTRIBUTORY NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.

Question of contributory negligence of girl, 5 years and 8 months of age at time of injury by defendants' eastbound truck and trailer, was properly left to jury, where there is testimony that she did look both ways before starting across pavement after alighting from northbound school bus.

2. SAME — YOUNG CHILDREN — CONTRIBUTORY NEGLIGENCE — GREAT WEIGHT OF EVIDENCE.

Jury's finding that 5-year-and-8-months-old girl was not guilty of contributory negligence when injured by defendants' truck and trailer *held*, not against the great weight of the evidence submitted.

3. APPEAL AND ERROR—WEIGHT OF EVIDENCE—QUESTION FOR JURY.

The weight to be given to the testimony of witnesses is largely a matter to be left to the judgment of the jurors, especially where testimony presents conflicting versions of an accident.

4. AUTOMOBILES—NEGLIGENCE—OBSERVATION OF YOUNG CHILDREN.

Evidence that defendant truck driver could and should have seen plaintiff, a girl 5 years and 8 months of age at time she

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur, Automobiles §§ 470, 473.
[1] Liability of owner of motor vehicle for injury to person who has alighted from or is waiting for streetcar. 47 ALR 1233; 123 ALR 791.
[2] 5 Am Jur, Automobiles §§ 707, 711.
[3] 5 Am Jur, Automobiles § 671.
[4] 5 Am Jur, Automobiles § 167.
[5] 38 Am Jur, Negligence §§ 29, 181.
[7] 20 Am Jur, Evidence §§ 731, 734.
[7] Authentication or verification of photograph as basis for introduction in evidence. 9 ALR2d 899.
[8] 5 Am Jur, Automobiles §§ 260, 735, 742.

was injured when about to cross street after alighting from a school bus, precluded granting of motion for directed verdict on ground that there was no evidence of negligence to go to jury.

5. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Each case involving questions of negligence and contributory negligence necessarily depends upon its own facts and circumstances.

6. AUTOMOBILES — NEGLIGENCE — PEDESTRIANS — INFANTS — CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS—EVIDENCE.

Questions of eastbound defendant truck driver's negligence and plaintiff child's contributory negligence *held,* properly submitted to jury after a fair trial under appropriate instructions, where testimony was conflicting.

7. EVIDENCE—PHOTOGRAPHS—SCENE OF ACCIDENT—VARIANCE FROM TESTIMONY.

Introduction in evidence of photograph of locus of accident whereby plaintiff child was injured by defendants' truck and trailer shortly after having alighted from school bus was not reversible error, notwithstanding it also showed snowbanks and position of school bus differing from the proofs, where court limited purpose of its use by jury to show buildings, poles, signs, and highway.

8. AUTOMOBILES — TRUCKS — SPEED — DECELERATION — INSTRUCTIONS—NEGLIGENCE—EVIDENCE.

Error in court's charge that allowable distance for deceleration of speed at 25 miles an hour as required by statute upon application of service brakes was 37 1/2 feet instead of 47 1/2 feet *held,* not reversible, where other instructions relating to time and distance allowed for stopping and that violation of that statute would not necessarily require jury to hold truck driver guilty of negligence unless it was a proximate cause of the accident and there was evidence showing driver was proceeding at an excessive speed under the circumstances, failed to keep a proper lookout for conditions ahead in view of the school bus then just unloading, failed to discover plaintiff and exercise reasonable care or give warning of his approach, and driver admitted he could not stop in less than 80 to 85 feet (CL 1948, § 256.339).

Appeal from Gogebic; Landers (Thomas J.), J. Submitted June 12, 1952. (Docket No. 5, Calendar No. 45,051.) Decided January 5, 1953.

Case by Barbara Jean Vandenberg, an infant by her next friend, against George Prosek and others for damages for personal injuries sustained when she was hit by defendants' truck. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Theodore G. Albert (S. W. Patek, of counsel), for plaintiff.*

*Ivan D. Wright, for defendant Clairmont Transfer Company.*

*Eugene R. Zinn, for defendants Prosek and Dixon.*

BOYLES, J. This case involves an accident in which a small girl 5 years and 8 months old was struck by or collided with a truck and trailer being driven on the highway in Gogebic county by one of the defendants. The plaintiff, by her next friend, brought suit against the driver of the vehicle, his employer, and the owner of the trailer, Clairmont Transfer Company. Plaintiff had verdict by jury and the defendants appeal from the judgment entered thereon.

The accident occurred November 8, 1948, at the intersection of US-2 and Luxmore street in Ironwood, Michigan. US-2 is a through street at this intersection and runs east and west, Luxmore street being a stop street running north and south. Just prior to the accident, plaintiff had alighted from the east side of a school bus which had stopped, facing north, on the east side of Luxmore street, at the southeast corner of the intersection. Defendants' vehicle approached the intersection on US-2

going east, so that as he approached the intersection the school bus was in front of him and slightly to his right. There is a conflict in the testimony as to just how close to the south edge of US–2 the front of the school bus was, but in any case the front portion of the school bus was of sufficient height to make it impossible for the defendant driver approaching from the west to see the plaintiff as she alighted, or until she got to a position forward of the bus. It was clear, dry day and defendant driver had an unobstructed view ahead of him for several hundred feet. He was traveling between 20 and 25 miles per hour as he approached the intersection, where he saw a group of people standing at the southeast corner. US–2 is a cement 2-lane pavement about 20 feet wide, with an asphalt shoulder about 8 feet in width on each side. The testimony relative to the events immediately preceding the accident is in conflict. According to one version, the plaintiff ran in on the concrete portion of the pavement and collided with the trailer in the vicinity of its right rear wheel. According to another version, she walked from the curb after looking both ways and was struck by the right front side of the truck when at a place 1 or 2 steps onto the. pavement, causing her to spin around 2 or 3 times while still on her feet and then collide with the trailer in the vicinity of the right rear wheel. All of the witnesses seem to agree that the defendant driver swung his truck to the left in an effort to avoid hitting the plaintiff, but they do not agree as to just how close to her it was at that time.

The jury found for the plaintiff and assessed damages at $10,000. Defendants appeal, claiming that the verdict was against the great weight of the evidence both as to defendants' negligence and plaintiff's contributory negligence, that the trial court erred in admitting in evidence plaintiff's ex-

hibit 5, and that the trial court erred in giving certain instructions to the jury.

Considering the fact that this plaintiff was not yet 6 years of age and that there was testimony that she did look both ways before starting across US-2, plus other circumstances to which reference will be made, the question of contributory negligence was properly one of fact for the jury. Nor are we able to say that the jury's finding that plaintiff was not guilty of contributory negligence was against the great weight of the evidence. The weight that is to be given to the testimony of the witnesses is largely a matter to be left to the judgment of the jurors. While some of the witnesses' testimony, if believed, would indicate that plaintiff had been contributorily negligent, the jurors might give this testimony such credence as they found it should have, under the circumstances, and in view of testimony to the contrary as to the essential facts.

Nor do we agree with appellants that their motion for directed verdict should have been granted on the ground that there was no evidence of negligence to go to the jury. The testimony of Mrs. Cyril Vandenberg was ample evidence from which the jury might reasonably infer that the defendant driver, if keeping a proper lookout, could and should have seen plaintiff in time to slow down or stop and avoid the accident.

The many decisions of this Court cited by counsel for both parties demonstrate that each such case must necessarily depend upon its own facts and circumstances, no 2 of which can be the same. Little benefit to the law could result from a consideration and analysis of those cases here. Many of them depend upon the results finally reached in the trial court, which may control the way that the issues are presented here for review. Counsel for each of the parties on this appeal have cited and rely upon

numerous decisions here, which support their respective arguments on the questions of the defendant driver's negligence and plaintiff's contributory negligence, under the disputed facts and circumstances of this case. A detailed recital of the disputed facts and circumstances shown here would add nothing of value to the law involved. In each of the last 2 cases which reached this Court involving circumstances in many respects similar to the instant case, but with some variance in facts, the Court divided equally in opinion and result. In *Johannes* v. *Rooks,* 322 Mich 611, the Court divided equally and thus affirmed a judgment for the plaintiff, an 8-year-old school girl involved in a highway accident, on the ground that the question of her contributory negligence had properly been left to the jury. As the result, the defendant in that case was denied reversal and judgment *non obstante veredicto,* our decision by a divided court thus affirming such denial in the trial court. Many of our previous opinions were referred to and discussed. In *Kaiser* v. *Gooden,* 325 Mich 521, the 5-year-old plaintiff, involved in a similar accident but also with variations in circumstances, had verdict and judgment in the trial court which that court set aside and entered judgment for the defendant *non obstante veredicto.* On appeal here, that judgment was affirmed by an equally divided court. In the case now before us, the questions of the defendant driver's negligence and the 5-year-old plaintiff's contributory negligence were submitted to the jury, after a fair trial, under conflicting testimony, and under appropriate instructions as to the applicable law. We find no impelling ground for changing the result.

Appellants ask for a new trial on the ground that the court erred in admitting exhibit 5 in evidence. It is a photograph of the locus of the accident, taken later and under changed conditions. Counsel for

the defendants objected on that ground, that it showed snowbanks and a position of the school bus differing from the proofs. In admitting exhibit 5, the court said:

"They [exhibits 3 and 5] are admissible for what they show as to the buildings, poles, signs and highway. The jury will understand these pictures were taken to show the highway, the buildings, the telephone poles and signs and were not taken to show the vehicles, including the school bus, the snowbanks or anything else."

Under the above ruling, made in the presence of the jury, it was not reversible error to admit exhibit 5.

Probably the crucial question in the case, on which appellants mainly rely for reversal, is that the verdict is against the great weight of the evidence on the controlling issue whether the defendant driver was guilty of any actionable negligence as the proximate cause of the accident. Inseparably connected with that question is appellants' claim that the court erred in charging the jury as it did, with reference to the distance within which the law required the defendant driver to stop his truck and trailer. The defendant driver was operating the vehicle at 20 to 25 miles per hour. The then applicable statute* required that the brake equipment of the vehicle here involved, under the conditions here shown, should be capable of decelerating the speed of the vehicle at 20 miles per hour upon application of the service (foot) brake to stop within 30 feet. Counsel have stipulated that a comparable rate of deceleration at 24 miles per hour would require a stopping distance of 47½ feet. If there were an absence of any further charge to the jury as to

---

* CL 1948, § 256.339 (Stat Ann 1947 Cum Supp § 9.1599). There was an immaterial change in wording upon the enactment of PA 1949, No 300, § 705 (CL 1948, § 257.705 [Stat Ann 1952 Rev § 9.2405]).

any allowable distance for a driver's thinking reaction before initial application of the service brake to stop his vehicle, more importance might now be given to the court's figures in the charge, which appellants now argue constitute prejudicial error. The court correctly charged that the allowable statutory stopping distance at 20 miles per hour was 30 feet, and mistakenly charged that the allowable distance at 25 miles per hour was 37½ feet. The mistake was overlooked or not noticed by counsel for appellants until after verdict, when appellants filed a motion for a new trial. However, the court had also charged the jury that a violation of said statute would not necessarily hold a driver of the vehicle guilty of negligence unless it was a proximate cause of the accident; and the court further charged that on the question of whether the defendant driver could have avoided the accident by applying his brakes, the law makes some reasonable allowance of time required for necessary mental and physical operations in applying the brakes, especially if confronted with sudden emergency. The court fully instructed the jury as to the law of negligence, proximate cause, sudden emergency, the duty to operate a vehicle at a careful and prudent speed to bring the vehicle to a stop. Also, it should be noted that the time element which the statute declares for adequate brake control in stopping was only 1 of several allegations of negligence in plaintiff's declaration. It alleged, and there were substantial proofs in support, that the defendant driver was operating at an excessive speed under the circumstances, failed to keep a proper lookout for conditions ahead, the school bus having just unloaded the children who were on the sidewalk, failing to discover the plaintiff and exercise reasonable care, or to give warning of his approach. In the absence of a special verdict or special questions,

the extent to which the jury might have relied on the single issue of a violation of the statutory requirement as to brakes and stopping distance would not impel us to a reversal of the verdict and the granting of a new trial, merely on the ground that the court should have given the statutory stopping distance at 47½ feet instead of 37½ feet. As pointed out by the trial court in denying defendants' motion for a new trial, the court's instruction to the jury as to added time for the defendant driver to react to the situation and apply the service brake would give the defendant driver the benefit of an added reaction time of 27½ feet. Also, the defendant driver's own testimony was to the effect that he could not stop his vehicle in less than 80 to 85 feet. We are not inclined to find reversible error and grant a new trial on appellants' claimed error in the charge in that respect.

No claim is made here that any attempt was made to appeal to the jury for sympathy because of the tender age of the plaintiff, or that the verdict is excessive. The case was fairly and ably tried by counsel and the trial court. The result will stand.

Affirmed. Costs to appellee.

BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred with BOYLES, J.

DETHMERS, C. J., concurred in the result.

The late Justice NORTH did not sit.