BRAMER *v.* AMES.

1. TRIAL—MOTION FOR DIRECTED VERDICT—EVIDENCE.
     A trial judge must construe plaintiff's testimony in a light
     most favorable to plaintiff in passing on a defendant's motion
     for a directed verdict.

2. AUTOMOBILES—DIRECTED VERDICT—ONCOMING CARS—SPEED.
     Trial court properly denied defendants' motions for directed
     verdict and for judgment *non obstante veredicto* in action
     under death act, where testimony was such that jury could find
     that driver of their eastbound tractor and trailer must have
     noticed oncoming car in eastbound lane, which had started
     to overtake and pass 2 westbound cars would not have room
     on 20-foot pavement to pass between defendants' equipment
     and the westbound cars in north lane unless eastbound driver
     drove off onto 13′ 10″ shoulder but that he failed to do so
     and did not start to decrease speed until 4′ from car in which
     plaintiff's decedent was a passenger (CL 1948, § 691.581 *et
     seq.*).

3. SAME—NEGLIGENCE—EVIDENCE.
     Verdict for plaintiff in action by administrator of estate of
     passenger in westbound car against driver of overtaking
     westbound car and owner and driver of eastbound tractor and
     trailer *held,* supported by evidence from which each of the
     3 defendants could be inferred to be negligent.

4. SAME—SPEED—STATUTES—INSTRUCTIONS.
     Instruction relative to statute as to duty of operator of motor
     vehicle to drive so as to be able to stop within the assured
     clear distance ahead and have his vehicle under proper control
     *held,* not to have misled jury (PA 1949, No 300, § 627).

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 349.
[1, 2] 5 Am Jur, Automobiles § 667.
[2, 4] 5 Am Jur, Automobiles § 166.
[2, 4] When automobile under control.  28 ALR 952.

5. DAMAGES—DEATH—FUNERAL EXPENSES—HIRING OF SUBSTITUTES
—PREJUDICE.

Award of $20,000 for death of 42-year-old wife of 50-year-old man *held*, not excessive, where she left 5 children ranging in age from 5 to 20 years, $1,211.08 was paid for funeral expenses and testimony was introduced relative to cost of hiring others to perform duties deceased had performed but nothing appears to have occurred to improperly influence the jury in arriving at a verdict and jurors do not appear to have been actuated by prejudice or sympathy.

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—MATERIALITY OF TESTIMONY—NEW TRIAL.

Appellant is not in a position to urge as basis for new trial the claimed error of the trial court in refusing to permit him to introduce testimony of average income of husband of woman for whose death in highway accident administrator of her estate sought damages, where the trial judge commented that such subject matter was not of material significance in the case and question was withdrawn.

Appeal from Cass; Mosier (Carl D.), J. Submitted October 13, 1953. (Docket No. 71, Calendar No. 45,802.) Decided November 27, 1953.

Case by Harold Bramer, administrator of the estate of Wilma Mulhall, deceased, against George E. Ames, Frank Howe, Jr., and Clarence G. Ott, doing business as Ott Trucking Company for damages under death act. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Richard A. Wade* (*Carroll B. Jones*, of counsel), for plaintiff.

*White, Klute & White*, for defendant Ames.

*C. L. Stickler*, for defendants Howe and Ott.

CARR, J. Plaintiff's decedent, Mrs. Wilma Mulhall, was fatally injured in an automobile accident occur-

ring on trunk line highway M–60 in Cass county, August 9, 1950, at approximately 3 o'clock in the afternoon. The administrator of her estate brought this action to recover damages under the so-called death act (CL 1948, § 691.581 *et seq.* [Stat Ann 1951 Cum Supp § 27.711 *et seq.*]), claiming that the death of decedent resulted proximately from concurrent acts of negligence on the part of defendants. At the time of the accident the weather was clear and the highway dry. The paved portion of the road was 20 feet in width, 10 feet on each side of the center line.

Mrs. Mulhall was a passenger in an automobile driven by Miss Katherine Weinberg, which was proceeding in a westerly direction in the north lane of traffic. The proofs indicate that such vehicle, referred to in the record as the Weinberg car, was preceded a short distance by another automobile. Defendant Ames, who was also driving in a westerly direction, undertook to pass the Weinberg car and for that purpose turned to the south half of the pavement. At the same time a tractor with trailer attached, owned by defendant Ott and driven by defendant Howe, appeared some distance in front of Ames and approaching him from the west. The testimony indicates that Ames first sought to return to his own side of the road, that he determined that he could not do so, and that the distance between the course of the approaching tractor and trailer and the cars in the north lane of traffic was insufficient to permit him to drive between them. He then turned his car rather sharply to the south, in front of the equipment operated by defendant Howe, and off the pavement, where his car ran into a tree. As defendant Ames crossed in front of him, Howe turned to his left toward the Weinberg car and then immediately to his right. Plaintiff claims that the front end of the trailer crossed the center line of the

road and struck the Weinberg car, causing the death of its occupants, including Mrs. Mulhall.

On the trial of the cause before a jury defendants Howe and Ott moved at the close of plaintiff's proofs for a directed verdict in their favor, claiming that actionable negligence on the part of Howe had not been shown. The motion was denied. At the conclusion of the testimony said defendants again moved for a directed verdict, which motion was taken under advisement by the trial judge. The jury returned a verdict in favor of the plaintiff in the sum of $20,000 against all defendants. Motion for judgment notwithstanding the verdict was submitted on behalf of Howe and Ott, and was denied. Motions for new trials on behalf of all 3 defendants were also denied. Defendants have appealed.

On behalf of appellants Howe and Ott it is claimed that the trial court was in error in denying their motion for a directed verdict at the conclusion of plaintiff's proofs. The determination of this issue involves consideration of the testimony of witnesses for the plaintiff. An officer of the Michigan State police arrived at the scene shortly after the accident occurred and took a number of measurements, to which he testified. He stated that in proximity to the point of the impact the south shoulder of the road was 13 feet 10 inches in width. It may be noted in this connection that a chart presumably showing the situation existing at the time was prepared and was introduced. It appears by stipulation of counsel that such exhibit, together with other exhibits introduced by plaintiff and submitted to the jury, has been lost. In consequence the incorporation of such exhibits in the record returned to this Court on appeal was not possible.

The record further discloses that some distance to the west of the point of the collision the highway curved somewhat gradually to the south. The

police officer placed the easterly end of such curve 336 feet from the approximate point of the accident. At what point on the curve defendant Howe might have seen the Ames car on the south half of the pavement, had he looked, does not appear from the record before us. However, a witness for plaintiff, a truck driver who had driven his equipment off the north side of the pavement shortly before the occurrence here involved, gave testimony indicating that defendant Howe did not apply any brake until he was approximately 4 feet from the Weinberg car, that separate brakes controlled the tractor and trailer, that the foot brake on the tractor was there applied, and that the result was the "jack-knifing" of the trailer in such manner as to cause it to cross the center line of the pavement and to come in contact with the automobile. The tractor did not strike the Weinberg car. The witness stated further that Howe was driving on the south edge of the pavement, but he was unable to say that the tractor and trailer actually left the pavement at any point although the observations of the police officer suggest that the right wheels of the tractor were, at one point, off the pavement. This witness estimated the speed of defendants' equipment at approximately 40 miles per hour, stating further that he did not notice any "characteristic motions" indicating that a brake had been applied at any prior point.

Further reference to the testimony of plaintiff's witnesses is unnecessary. In passing on the motion for a directed verdict, it was the duty of the trial judge to construe such testimony and permissible inferences therefrom in a light most favorable to plaintiff. *Anderson* v. *Kearly,* 312 Mich 566, 570; *Torma* v. *Montgomery Ward & Company,* 336 Mich 468, 475. Had defendant Howe made proper observations of the highway in front of him as he proceeded through the curve and upon the "straight-

away" he could scarcely have failed to notice the Ames car in the eastbound lane of traffic. The jury might well have concluded that the exercise of proper care on his part required that he decrease the speed of his equipment, and that his failure to do so was a proximate cause of the accident. It is a fair conclusion also that Howe might have driven entirely off the pavement, or approximately so. It appears that the trailer was empty. Defendants' equipment was approximately 8 feet in width. It must have been apparent to Howe that unless he either decreased his speed or got off the eastbound lane of traffic a sufficient distance to permit Ames to drive between the Ott equipment and the westbound cars an accident might result. Construing the proofs in accordance with the rule above indicated, the trial court was not in error in refusing to direct a verdict at the conclusion of plaintiff's case.

As a witness in his own behalf defendant Howe claimed that he did not see the Ames car until he had completely left the curve and was on the so-called "straightaway." He stated further that he had no recollection of decreasing the speed of his equipment either by removing his foot from the accelerator or by applying a brake. He stated, however, that he did turn somewhat to his right, and claimed that his truck was about one-half off the pavement. It was his opinion that the berm of the road was not wide enough to accommodate the truck and the Ames car at the same time. Why he did not turn 2 or 3 feet farther to the right is a matter of conjecture. Possibly it was his conclusion that he was allowing Ames sufficient room to pass the westbound cars without coming in contact with them or with the tractor or trailer. However, Ames concluded that he could not do so with safety, and therefore turned to his left in front of the tractor and went off the road. Noting this movement, Howe, as

he claimed, turned sharply to his left in close proximity to the center line of the pavement and then immediately to the right. He testified also that his brakes were in proper working order, that he could have stopped in approximately 150 feet while traveling 40 miles an hour, and that the shoulders of the highway were "comparatively wide" after he left the curve.

Under the testimony of the witnesses in the case issues of fact as to the negligence of defendant Howe were clearly presented for determination by the jury. The trial judge was not in error in failing to direct a verdict at the conclusion of the testimony, or in denying the motion for judgment *non obstante veredicto*. *Davis* v. *Belmont Creamery Co.*, 281 Mich 165; *Fitzcharles* v. *Mayer*, 284 Mich 122 (3 NCCA NS 565); *Vandenberg* v. *Prosek*, 335 Mich 382; *Lepley* v. *Bryant*, 336 Mich 224.

Error is also assigned by appellants Howe and Ott on the refusal of the trial court to grant them a new trial. It is urged that the verdict of the jury was against the great weight of the evidence. With this contention we are unable to agree. As before noted, the testimony presented issues of fact. It was for the jury to pass on the credibility of the witnesses, to determine matters that were in dispute, and to draw legitimate inferences from established facts. The conclusions indicated by the verdict find ample support in the record. *Vandenberg* v. *Prosek, supra.* The charge of the trial court fully and clearly submitted the issues of fact in the case. We find no error therein because of the reference to provisions of the statute relating to the duty of the operator of a motor vehicle to drive at a reasonable and proper rate of speed that would permit him to stop within the assured clear distance ahead, and to have

such vehicle under proper control.* Such charge as applied to defendant Howe undoubtedly had reference to his conduct as he came around the curve and saw or should have seen the Ames car before him on the highway. The jury could scarcely have been misled thereby.

The motion for a new trial submitted by defendant Ames raised certain questions as to the propriety of the verdict with respect to damages. Substantially the same questions are raised on this appeal. It is contended that the verdict was excessive, and that there was not sufficient testimony as to damages to enable the jury to arrive at a proper conclusion in that respect. Mrs. Mulhall left surviving her the husband, and 5 children ranging in age from 5 to 20 years. At the time of her death she was 42 years old and Mr. Mulhall was 50. The proofs in the case indicate that she had been in good health, and that she performed efficiently her duties in the home as a housewife and mother. Testimony was offered as to the payment of funeral expenses in the sum of $1,211.08. Other testimony relating to the cost of hiring others to perform, insofar as possible, the duties discharged by Mrs. Mulhall in her lifetime was introduced, apparently without objection. We appreciate the difficulty of establishing with mathematical precision the pecuniary injury resulting from the death of a wife and mother under circumstances of the character involved in the case at bar. It cannot be said, however, that there was not a sufficient showing of such injury, nor are we in accord with the claim that the amount of the award was excessive. In *Watrous* v. *Conor,* 266 Mich 397, 401, 402, it was said:

---

* See PA 1949, No 300, § 627 (Stat Ann 1952 Rev § 9.2327).— REPORTER.

"Assuming even that our verdict might be in a different amount, we are loath to disturb verdicts for personal injuries on the ground that the amount is excessive. *Cawood* v. *Earl Paige & Co.*, 239 Mich 485. We do not substitute our judgment on this question unless a verdict has been secured by improper methods, prejudice or sympathy. *Michaels* v. *Smith*, 240 Mich 671. No such showing has been made, nor were the verdicts so great as to shock the judicial conscience. *Sebring* v. *Mawby*, 251 Mich 628."

In the case at bar it does not appear that anything occurred during the progress of the trial of such nature as to improperly influence the jury in arriving at a verdict. We find nothing to justify a conclusion that in their deliberations the jurors were actuated by prejudice or sympathy. See, also, *Graham* v. *United Trucking Service, Inc.*, 327 Mich 694.

Counsel for appellant Ames argues in his brief that the trial court erroneously refused to permit him to inquire into the earnings of the husband of decedent. Objection was interposed to a question directed to Mr. Mulhall's average income. The court did not pass on such objection but suggested by way of comment that the subject matter of the inquiry was not of material significance in the case. Thereupon counsel representing Ames withdrew the question. Under the record appellant is in no position to urge the matter here in support of his claim that he should be granted a new trial. The trial court was not in error in denying such motion. For the reasons above stated, the motion of the other defendants was also properly denied.

The record before us indicates that the case was carefully tried, that no error occurred of such prejudicial character as to justify or require the granting of a new trial, and that the verdict of the jury is sup-

ported by the proofs. The judgment is affirmed,. with costs to plaintiff.

DETHMERS, C. J., and ADAMS, BUTZEL, BUSHNELL,, SHARPE, BOYLES, and REID, JJ., concurred.