STAHL v. MICHIGAN CENTRAL RAILROAD CO.

1. RAILROADS—NEGLIGENCE—EXCESSIVE SPEED—WARNINGS — QUESTION FOR JURY.

In an action for the death of a girl 7½ years old, killed by defendant's train at a public crossing on the outskirts of a city, where plaintiff's proofs showed that the train was running at the rate of 40 to 45 miles an hour, and that no warnings of its approach were given, the question of defendant's negligence was one for the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE—INFANTS—DIRECTED VERDICT.

Where the evidence is persuasive that a bright, intelligent girl 7½ years old ran onto a railroad track and was killed without either looking or listening, although she was familiar with the surroundings, had been warned of the danger, and could have seen down the track for at least 200 feet from 12 to 18 feet from the crossing, she was guilty of contributory negligence as a matter of law precluding recovery for her death.

Error to Monroe; Root (Jesse H.), J. Submitted April 9, 1924. (Docket No. 22.) Decided June 2, 1924. Rehearing denied July 24, 1924.

Case by Frank Stahl, administrator of the estate of Ida May Stahl, deceased, against the Michigan Central Railroad Company for the alleged negligent killing of plaintiff's decedent. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*William Look* (*J. C. Lehr*, of counsel), for appellant.

*Thornton Dixon*, for appellee.

BIRD, J. Plaintiff commenced this action against the defendant to recover damages for the wrongful killing of his decedent, Ida May Stahl, a young girl

On the question of contributory negligence of children on or about railroad tracks, see note in L. R. A. 1917F, 123.

On care required to prevent injuring small children upon the track, see note in 25 L. R. A. 784 *et seq.*

7½ years of age. After the proofs were in the trial court directed a verdict for defendant because of the contributory negligence of the little girl. Ida May Stahl lived with her parents on the Greening road on the east side of defendant's track on the outskirts of the city of Monroe. The Greening road crossed the defendant's track at right angles. The school which Ida attended was situate on the west side of the track. On the day in question she was returning home from school, about 3:30 in the afternoon. She was in company with her sister and another girl. A short distance from the track Ida stopped a moment at the mail box and then ran to overtake her companions. In doing so she arrived at the intersection just in time to be struck by one of defendant's north-bound passenger trains, resulting in her instant death. Plaintiff, in his declaration, complained of the negligence of defendant because of excessive speed, because of its failure to sound warnings of its approach, and because of inattentive and improper lookout for pedestrians. Plaintiff's proofs showed that the train was running at the rate of 40 to 45 miles an hour, and that no warnings were given as it approached the crossing. In *Hudson* v. *Railway Co.*, ante, 1, recently decided by this court, the question of excessive speed in villages and cities was involved. Under the authority of that case and those cited therein we think the question of excessive speed was one for the jury. The same can be said of plaintiff's contention that no warnings were sounded. The question of defendant's negligence was one for the jury.

The serious question in the case is the contributory negligence of the little girl. The testimony showed without contradiction that she had been traveling over this railroad for nearly two years, attending school. The witnesses all agree that she was a bright, intelligent and active girl for her age. Members of her

family testified to this and plaintiff's counsel admitted it. The father testified that she was about three feet high and had always been healthy, and that "Ida was what I'd call a bright child." The following testimony shows the concessions of counsel:

"*Mr. Look:* We never contended that she did not know. Plaintiff admits that he cautioned this little child, that is, he spoke to her along with the other children, to be always careful about railroad crossings, we are admitting that fact. And that she was aware of the danger of that crossing, meaning the crossing of the defendant company at the Greening road, as well as the Greening switch and east of the Michigan Central, meaning the other track 50 to 75 feet easterly.

"*Mr. Dixon:* Meaning the railroad crossing at the Michigan Central on the Greening road?

"*Mr. Look:* Yes, as well as the Shore Line crossing, 50 to 75 feet east of it.

"*Mr. Dixon:* And as to her mental responsibility, we admit that she was all right?

"*Mr. Look:* Yes, that she was a bright intelligent girl.

"*Mr. Dixon:* Of normal faculties, no defects of hearing or sight?

"*Mr. Look:* No defects of sight or hearing.

"*Mr. Dixon:* And that she fully understood the dangers of this railroad crossing?

"*Mr. Look:* Yes, that is already shown, and we will admit it. We don't admit that she knew the danger on that day, we don't admit that, nor the circumstances that led up to her death on the 4th day of May, 1914."

It also appeared that from 12 to 18 feet west of the crossing a girl of her height could see down the track at least 200 feet. There was some testimony that a Grand Trunk freight engine which was near by was emitting smoke, which was blowing toward the Michigan Central Railroad, but this was not made definite enough to be useful to the plaintiff. The testimony taken as a whole persuades us as it did the trial court that Ida had fallen behind her companions and that in running to overtake them she ran

onto the track in face of the train without either look-
ing or listening.    The fact that it was a regrettable
and distressing accident cannot alter the law.

The judgment of the trial court is affirmed.

CLARK, C. J., and McDONALD, SHARPE, MOORE,
STEERE, FELLOWS, and WIEST, JJ., concurred.