RUSSO v. CITY OF GRAND RAPIDS.

1. MOTOR VEHICLES—NEGLIGENCE—ORDINANCES—PEDESTRIAN CROSSING STREET AGAINST RED LIGHT.

Pedestrian's crossing street against red light in violation of city ordinance did not constitute negligence as matter of law, but it was a circumstance commanding vigilance on part of pedestrian.

2. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

If truck driver had view for several hundred feet and was negligent in not observing pedestrian crossing street, pedestrian had equal view and was guilty of contributory negligence.

3. DEATH—PRESUMPTION OF DUE CARE NOT APPLICABLE WHERE FACTS DISCLOSED.

Presumption of due care on part of person instantly killed is not applicable where surrounding facts are fully disclosed by credible evidence.

On burden of proof as to contributory negligence in action for death, see annotation in 33 L. R. A. (N. S.) 1230.

4. MUNICIPAL CORPORATIONS—MOTOR VEHICLES—NEGLIGENCE—CON-
TRIBUTORY NEGLIGENCE.

  It was not negligence to stop city truck on street intersection
    for purpose of sanding it and rendering it more suitable for
    public travel, and if it interfered with vision of pedestrian
    crossing street in front of it, it but added to care he was
    bound to exercise.

5. SAME—GOVERNMENTAL FUNCTION.

  If city truck standing on street intersection for purpose of
    sanding it contributed to accident resulting in death of pedes-
    trian, city was not liable therefor, since it was engaged in
    nonremunerative governmental function.

Error to Superior Court of Grand Rapids; Ver-
dier (Leonard D.), J.    Submitted June 10, 1931.
(Docket No. 14, Calendar No. 35,645.)    Decided
October 5, 1931.

Case by Rosa Russo and others against City of
Grand Rapids and another for personal injuries re-
sulting in the death of Fred Russo, deceased.   Di-
rected verdict and judgment for defendants.   Plain-
tiffs bring error.   Affirmed.

*Mason, Alexander & McCaslin* and *Clifford A.
Mitts, Jr.,* for plaintiffs.

*Ganson Taggart* and *Robert S. Tubbs,* for de-
fendant city.

*Fred N. Searl,* for defendant Cornu.

WIEST, J.   The evening of November 27, 1929, the
streets in the city of Grand Rapids were icy and
city trucks were engaged in sanding street intersec-
tions.   One such truck had stopped for that purpose
near the center of Franklin street at the intersec-
tion of Ionia street.   Fred Russo, plaintiffs' de-
cedent, while crossing Franklin street, passed in

front of the standing truck and was struck by another city sanding truck coming from the rear of the standing truck, and was killed. This action was brought against the driver of the moving truck and the city to recover damages. Plaintiffs appealed from a directed verdict in favor of defendants.

There was a traffic light at the intersection, and plaintiffs' decedent, in violation of an ordinance of the city, was crossing the street against the red light. This, however, did not constitute negligence as a matter of law, but was a circumstance, commanding vigilance on the part of the pedestrian, including observation of traffic, if any, having the right of way. The traffic signal was in favor of the truck driver, and he was crossing the intersection at a speed of 10 or 12 miles per hour, and did not see the pedestrian until he stepped from in front of the standing truck and within about five feet of his truck. The street was well lighted, and it is claimed that the driver had a view for several hundred feet and was negligent in not observing the pedestrian. If this be conceded, it necessarily follows that the pedestrian had an equal view and was guilty of contributory negligence.

Plaintiffs, however, invoke the rule that where one is instantly killed there is a presumption of due care on the part of the deceased. The rule supplies the unknown only, and is based on the assumption that ordinarily a man will exercise care in protection of his life. When the facts surrounding an instant killing are fully disclosed by credible evidence the facts control and the mentioned presumption is dormant. The point is without merit. *Richardson* v. *Williams,* 249 Mich. 350.

Plaintiffs claim that the standing truck constituted negligence on the part of the city. If that

truck interfered with vision of the roadway and traffic proceeding under signal to cross the intersection it but added to the care the deceased was bound to exercise. It was not, however, negligence to stop the truck for the purpose of serving the intersection with sand.

The city, in sanding the intersections, was engaged in a nonremunerative governmental function, calculated to render street intersections more suitable for public travel, and if the standing truck contributed toward the accident, the city was not liable to respond in damages. *Johnson* v. *Board of County Road Com'rs,* 253 Mich. 465, and cases there cited.

Plaintiffs made no case. The judgment is affirmed, with costs to defendants.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.