DEJAGER v. VANDENBERG.

1. AUTOMOBILES—PEDESTRIANS — CROSSING STREET — CONTRIBUTORY NEGLIGENCE.
    Under 17-year old pedestrian's testimony that he was carrying a case of beer on right shoulder while crossing southerly on west crosswalk, that traffic light changed as he reached middle of street so as to permit traffic to move on street he was crossing, that he looked to west near center of street where eastbound car waited for him to pass and did not look again when he had a clear view and see defendants' car, also eastbound, passing to right of standing car so that plaintiff walked into side of defendants' car and was injured, plaintiff *held*, guilty of contributory negligence as a matter of law.

2. NEGLIGENCE—VIOLATION OF STATUTE AND ORDINANCES—PEDESTRIAN'S CONTRIBUTORY NEGLIGENCE AS A MATTER OF LAW.
    Matter of pedestrian's contributory negligence when he walked into side of defendants' moving automobile, operated in violation of statute and ordinances, would not be submitted to jury where he was guilty of contributory negligence as a matter of law (1 Comp. Laws 1929, § 4706; Grand Rapids Ordinances, art. 3, §§ 4, 9, 12, 15; art. 7, §§ 2, 4).

Appeal from Superior court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted January 5, 1939. (Docket No. 49, Calendar No. 40,342.) Decided March 9, 1939. Rehearing denied April 25, 1939.

Case by Leonard DeJager, guardian of Fred De-Jager, a minor, against Bert Vandenberg and Donald Vandenberg for damages for personal injuries sustained when struck by an automobile. Verdict and judgment for plaintiff. Defendants appeal. Reversed without a new trial.

*Clifford A. Mitts, Jr.,* for plaintiff.

*Allaben & Wiarda,* for defendants.

WIEST, J.   July 10, 1937, at the noon hour, Fred DeJager, then 17 years of age, while crossing Franklin street from north to south at the intersection of Madison street in the city of Grand Rapids, carrying a case of beer on his right shoulder, walked against the side of defendants' moving automobile and received injuries.   Plaintiff started across Franklin street under the protection of the red light staying traffic, but when he reached the center of the crossing the light changed and an automobile at his right, waiting for the change of light in order to proceed east, was near the crosswalk over which plaintiff was proceeding and, as the light changed, that car slightly started, then stopped and plaintiff went ahead.   With the case of beer on his right shoulder, plaintiff's view to the west, beyond the standing car, was limited to 11 or 12 feet, and he claimed he saw no car and, without looking again, he proceeded rapidly across.   Defendants' automobile came from the west, on the south side of Franklin street and to the right of the car which let plaintiff pass, and having the light in favor of crossing the intersection was doing so when plaintiff in his hurry walked against the side thereof as it was passing and was injured.

Upon trial by jury plaintiff had verdict and judgment.   Defendants, by appeal, allege many errors.

At the close of plaintiff's proofs and again at the close of all the proofs, defendants moved for a directed verdict on the ground that plaintiff, under his own testimony, was guilty of contributory negligence as a matter of law.   The motions were denied. Motion for a new trial was also denied.

Plaintiff's own testimony established his contributory negligence as a matter of law.   He walked into the side of defendants' passing automobile.

The car waiting at the intersection near the middle of the street for the light to change was designated at the trial as the Allen car.

Plaintiff testified:

"At the time I started to cross, the light was green for Madison avenue traffic, and I started across Franklin street. At that time I was going south on the west crosswalk of Madison. * * * As I got to the middle of the street, I looked at the light. * * * it flashed yellow. * * * I looked at this car that was setting there (Allen car) and this car started up, and he must have seen me and he stopped again, so I took that as a signal and kept on going across the street. * * * I just got past him. * * * I looked past the Allen car and there was nothing there.

"Q. Approximately tell how far from the west edge of the west crosswalk line of Madison could you see toward the right past the Allen car on the south side?

"A. Approximately 11, 12 feet. * * *

"Q. All right, then as you proceeded on from that point where you made that observation there and there was no car there, did you again look to your right past the Allen car?

"A. No, sir.

"Q. Did you continue on across in front of the Allen car?

"A. Yes.

"Q. Did you walk fast or slow?

"A. I walked a little faster. * * *

"Q. Did you look to the right again at all, to the west?

"A. Well, not after I got in front of that Allen car. As I got to the right edge of the Allen car, I would have had a view clear down for some distance down Franklin on west down Franklin."

He did not see defendants' car until the front of it passed by him and then his momentum carried

him against the side thereof near the double doors. He knew the light had changed and he was in the pathway of vehicles, but took no care. Defendants' car did not run him down; he heedlessly walked against the car.

Counsel for plaintiff contend that with the Allen car standing at the intersection just south of the center line of the street it was a violation of a city ordinance (article 3, §§ 4, 9, 12, 15; article 7, §§ 2, 4) and State law (1 Comp. Laws 1929, § 4706 [Stat. Ann. § 9.1574]) for defendants' car to come to and cross the intersection abreast of and to the right of the Allen car, though on the proper side of the street, and therefore the question of plaintiff's contributory negligence was an issue of fact for the jury.

If defendants were violating the law and thereby were guilty of negligence, that did not send plaintiff's contributory negligence to the jury under his own testimony of total want of care.

Plaintiff looked when he could not see and did not look when he could have seen. The slightest care on his part would have saved him from walking against defendants' automobile. If defendants were guilty of negligence, plaintiff was guilty of contributory negligence, as a matter of law. *Steele* v. *Hamilton,* 218 Mich. 522; *Molda* v. *Clark,* 236 Mich. 277; *Neeb* v. *Jacobson,* 245 Mich. 678; *Russo* v. *City of Grand Rapids,* 255 Mich. 474; *Brodie* v. *City of Detroit,* 275 Mich. 626.

The judgment is reversed without a new trial, and with costs to defendants.

Butzel, C. J., and Bushnell, Sharpe, Potter, Chandler, and McAllister, JJ., concurred. North, J., took no part in this decision.