SLOAN *v.* AMBROSE.

1. AUTOMOBILES—PEDESTRIANS—TRAFFIC LIGHT CHANGE—INSTRUC-
TIONS—CONTRIBUTORY NEGLIGENCE.

In pedestrian's action against motorist for injuries received
at street intersection when plaintiff, southbound on east cross-
walk, had reached about the center of the street at time traffic
light changed against her and defendant came from west, in-
struction that pedestrian who started across street under pro-
tection of traffic light would have the right to continue un-
interruptedly even though the light did change while she was
crossing the street but which wholly ignored plaintiff's own
testimony showing total want of care on her part in failing
to observe defendant approach before starting to cross the
street was erroneous.

2. SAME—PEDESTRIANS—TRAFFIC LIGHT CHANGE—REASONABLE CARE.

Pedestrians starting to cross a street under protection of a
traffic light are still required to observe the change, if any,
removing the protection and to employ reasonable care in
proceeding into the path of released traffic and the drivers
of released traffic must observe pedestrians caught by change
of light and exercise reasonable care to avoid striking them.

3. SAME—PEDESTRIANS—TRAFFIC LIGHT CHANGE—SUBSEQUENT NEG-
LIGENCE.

In action by pedestrian who failed to see eastbound motorist
approaching from west as plaintiff started south across east
crosswalk under protection of traffic light and after light had
changed was struck when she was at about the center of the
street may not invoke the rule of subsequent negligence.

4. NEGLIGENCE—SUBSEQUENT NEGLIGENCE.

To apply the theory of subsequent negligence, the plaintiff's
negligence must have come to rest and defendant must have
discovered such negligence in time and with the ability to
avoid the accident and have failed to do so.

Per CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUTZEL,
BUSHNELL, and SHARPE, JJ.

Functions of court and jury on question of contributory negli-
gence, see 2 Restatement, Torts, §§ 476, 285 comment (e), § 434;
also, see § 289 and comments (a) and (g) as to standard of care
required of plaintiff.
Last clear chance, see 2 Restatement, Torts, § 480.

5. AUTOMOBILES—PEDESTRIANS—TRAFFIC LIGHT CHANGE—CONTRIBU-
TORY NEGLIGENCE.

Pedestrian who started south across east crosswalk with traffic
light in her favor who continued on across street after light
had changed to favor east- and westbound traffic without
making any observations of approaching eastbound traffic in-
cluding defendant's car was guilty of contributory negligence
as a matter of law.

Per CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, BUSH-
NELL, and SHARPE, JJ.

Appeal from Montcalm; Hawley (Royal A.), J.
Submitted October 16, 1941. (Docket No. 78, Calen-
dar No. 41,772.) Decided January 5, 1942.

Case by Ruth Sloan against Rel A. Ambrose for
injuries received when struck by defendant's auto-
mobile. Verdict and judgment for plaintiff. De-
fendant appeals. Reversed, without a new trial.

*Thomas M. Kavanagh,* for plaintiff.

*Brake & Miel,* for defendant.

WIEST, J. December 11, 1939, at about 1 o'clock
in the afternoon, plaintiff, while crossing Main street
in the village of Carson City, was struck by the left
fender of defendant's automobile and injured. Upon
trial by jury plaintiff had verdict for $550. Defend-
ant's motions for directed verdict and a new trial
on the ground that plaintiff was guilty of contribu-
tory negligence were denied.

The day was bright and view of traffic unob-
structed. Main street runs east and west and plain-
tiff was using the crosswalk in the business district
at the east intersection of Main and Mercantile
streets. Plaintiff testified that, before she stepped
from the curb to cross the street, she looked at the

suspended traffic light at the intersection and it was in her favor and an automobile from the east had come to a stop at the intersection, so she started to cross, passed in front of the stopped automobile and proceeded without again looking at the traffic light or making further observation of traffic; that, when about the center of the street and, whether south of the center or not she could not tell exactly, defendant's automobile, coming from the west, struck her.

While she was crossing, the traffic light changed. It is true, she testified on cross-examination:

"*Q.* If you had looked to the west you could have seen this car?

"*A.* No, sir. I did look.

"*Q.* You did look and didn't see it?

"*A.* No, sir."

But on re-examination by her own counsel she stated:

"When I testified that I looked to the west and didn't see this car I referred to when I looked at the light and that was before I crossed in front of the Blackmer car and was when I was on the north edge of Main street just before I started across. At that time I looked to the west and didn't see any car coming."

The court instructed the jury:

"I think I stated that in substance, and that is this, that if while she was passing from one side of the street to the other and while she was making her progress along that line if the light changed in the meantime, she continued to have the right to pass to the other side of the street before the defendant could start his car in such a way and to such an extent as to collide with her. She had the right, in other words, having started to cross the street and uninterruptedly proceeding for that purpose, she

had the right to cross to the other side of the street even though the light did change in the meantime."

This instruction was erroneous in wholly failing to include the duty of plaintiff to use reasonable care and in ignoring her own testimony showing total want of care on her part.

The rule, applicable to plaintiff's own testimony, is stated in *DeJager* v. *Vandenberg*, 288 Mich. 136 (6 N. C. C. A. [N. S.] 341), and cases there cited. See, also, *Beaulieu* v. *City of Detroit*, 293 Mich. 364.

Traffic lights change and one starting to cross a street under their protection is still required to observe the change, if any, removing the protection and to employ reasonable care in proceeding into the path of released traffic. The drivers of released traffic must observe pedestrians caught by change of light and exercise reasonable care to avoid striking them.

In the case at bar if the driver of defendant's automobile was guilty of negligence plaintiff was guilty of contributory negligence under her own testimony as a matter of law. Under the evidence plaintiff may not invoke the rule of subsequent negligence.

"To apply the theory of subsequent negligence, the plaintiff's negligence must have come to rest and defendant must have discovered such negligence in time and with the ability to avoid the accident and have failed to do so. *Wells* v. *Oliver*, 283 Mich. 168; *Szost* v. *Dykman*, 252 Mich. 151; *Cline* v. *Killingbeck*, 288 Mich. 126." *Gallagher* v. *Walter*, 299 Mich. 69, 77.

The motion of defendant for a directed verdict should have been granted. The judgment is reversed, without a new trial, and with costs to defendant.

Chandler, C. J., and Boyles, North, Starr, Butzel, Bushnell, and Sharpe, JJ., concurred.

Sharpe, J. (*concurring*). I concur in the result of Mr. Justice Wiest's opinion. There seems to be no dispute about the fact that plaintiff was crossing the street at the regular street crossing; that when she started to cross, she had the green light in her favor; that when she approached to a point about the center of the intersection, the light changed; that as defendant's driver approached the intersection, the light turned green in his favor; that he did not stop his car, but continued on; and that when he got a little more than half way across the intersection, he saw plaintiff.

The trial court instructed the jury as follows:

"I think I stated that in substance, and that is this, that if while she was passing from one side of the street to the other and while she was making her progress along that line if the light changed in the meantime, she continued to have the right to pass to the other side of the street before the defendant could start his car in such a way and to such an extent as to collide with her. She had the right, in other words, having started to cross the street and uninterruptedly proceeding for that purpose, she had the right to cross to the other side of the street even though the light did change in the meantime."

Plaintiff relies upon *Smarinsky* v. *Markowitz,* 265 Mich. 412, where we said:

"When defendant approached the intersection the red light was against him and he saw the pedestrian crossing under its protection. This called upon him to exercise care commensurate with the circumstances. It is true the light changed just as defendant reached the intersection but he approached the intersection with the warning that pedestrians were invited to cross and saw the pe-

destrian crossing. Such invitation to cross and protection while doing so did not cease upon change of light while the pedestrian was in the act of crossing. The change of light did not authorize defendant to continue his course at high speed, regardless of circumstances open to his view.''

Our decision in the above case was based upon the issue of subsequent negligence. In the case at bar, there is no issue of subsequent negligence that should be considered by a jury. To apply the theory of subsequent negligence, plaintiff's negligence must have put him in a position of danger, have left him there, and have ceased to operate as the proximate cause of the accident and defendant must have discovered plaintiff's peril in time to have been able to avoid the accident and have failed to do so, so that defendant's negligence .operates as the proximate cause of the accident. The facts in the case at bar conclusively show that defendant's driver did not see plaintiff until the moment of impact. When the driver saw the peril that plaintiff was in, it was too late to avoid the accident.

The principal question in this case may be stated as follows: Was plaintiff guilty of contributory negligence as a matter of law? The rule governing the conduct of a pedestrian crossing a street with a green light in his favor is so well established that further explanation is unnecessary. When the light changes during such passage, the pedestrian has no absolute protection to complete the crossing, but he must use due care under the circumstances. In the case at bar, plaintiff continued her passage after the light changed without making any observations of approaching traffic.

This case is controlled by what we said in *De Jager* v. *Vandenberg*, 288 Mich. 136 (6 N. C. C. A. [N. S.] 341):

"Plaintiff's own testimony established his contributory negligence as a matter of law. He walked into the side of defendants' passing automobile."

The judgment is reversed, without a new trial. Defendant may recover costs.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL and BUSHNELL, JJ., concurred with SHARPE, J.