WERKER *v.* McGRAIN.

1. AUTOMOBILES—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—TRAF-
FIC LIGHT CHANGES—SAFETY ZONE.
Southbound pedestrian who started across street at 7 p.m. on
December 1st while intersection traffic light was green but
which changed after she had proceeded some 15 feet and who
was struck by front of right fender of defendant's westbound
car as she hurried across street, without stopping at safety
zone near car tracks in middle of street upon which he was
travelling, *held,* not guilty of contributory negligence as a
matter of law (1 Comp. Laws 1929, § 4700, subd. [a], as
amended by Act No. 318, Pub. Acts 1939).

2. SAME—TRAFFIC LIGHT CHANGES—PEDESTRIANS.
The change of a traffic light at a street intersection while a
pedestrian is crossing does not authorize a motorist who then
had traffic light in his favor to continue his course at high
speed, regardless of the circumstances open to his view
(1 Comp. Laws 1929, § 4700, subd. [a], as amended by Act
No. 318, Pub. Acts 1939).

3. APPEAL AND ERROR—VERDICT—EVIDENCE—SUPREME COURT.
If there was substantial evidence tending to support the verdict,
it should not be set aside even though the Supreme Court
might be in doubt as to the ultimate facts.

4. AUTOMOBILES—PEDESTRIANS—EVIDENCE—QUESTION FOR JURY—
VERDICT.
In pedestrian's action for injuries sustained when hit by de-
fendant's car while crossing intersection at crosswalk, evi-
dence clearly presented a question of fact for jury's deter-
mination and supported its verdict.

Appeal from Wayne; Webster (Arthur), J. Sub-
mitted June 11, 1946. (Docket No. 41, Calendar
No. 43,364.) Decided September 11, 1946.

Conflicting claims of the parties present questions of fact for the
jury, see 2 Restatement, Torts, 434(c); standard of conduct de-
fined, 283–285.

Case by Irene Werker against Glenn McGrain for personal injuries sustained when she was struck by defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Cary & BeGole,* for plaintiff.

*Maurice Miller,* for defendant.

NORTH, J. Plaintiff Irene Werker, while crossing Grand River avenue at the intersection of Oakman boulevard in the city of Detroit, was struck by an automobile driven in a westerly direction by defendant Glenn McGrain. The accident happened on December 1, 1943, at about 7 o'clock p.m. According to plaintiff she had crossed Grand River avenue at this intersection to the north side in order to mail a letter, and was on her return to the south side when she was struck. Before recrossing the avenue she observed traffic coming from the east and also the traffic lights. After the light changed to green she started across the street. When she had proceeded for about 15 feet the light turned to amber. Without stopping in the safety zone near the car tracks she hurried across. She did not recall at what point in the street she was struck, her last recollection being that she had reached the middle of the avenue. As a result of the accident she was severely injured and was in a hospital for some time.

Defendant Glenn McGrain, a patrolman in the Detroit police department, on the evening in question, had left the downtown precinct, to which he was assigned, and was proceeding to his home. He was familiar with the intersection and its traffic signal lights. He testified that he had been driving on the car tracks for some time before approaching

the intersection, in heavy traffic which was moving on his right. McGrain had been slowing down as he approached the intersection because the traffic light was red, but when he was about three car lengths from the end of the safety zone the light turned to green. He stated he did not speed up his car but proceeded ahead at about 25 miles an hour and observed a dozen or more persons in the safety zone. He testified that he did not see anyone on the crosswalk but that suddenly "I saw somebody jump out." McGrain swerved over to the eastbound car tracks and, as he did so, struck the plaintiff with the front of his right fender. It is the defendant's claim that he did not hit the plaintiff, but that she ran into his car.

At the close of the testimony the defendant asked the court to direct a verdict on the ground that he was free from negligence and that the plaintiff had failed to show that she was free from contributory negligence. The court took the motion for a directed verdict under advisement and submitted the case to the jury, which brought in a verdict in favor of plaintiff for $2,000. The trial judge declined to set aside the jury's verdict and defendant has appealed from the judgment entered thereon.

On this appeal the same questions are raised that were presented to the trial court in the motion for a directed verdict.

There is testimony to support a conclusion that plaintiff did not run into the side of defendant's automobile, but rather that she was struck by the front of its right fender. A patrolman on duty at the intersection, a witness called by the defendant, testified in part on cross-examination as follows:

"There was cars approaching the intersection when this girl was running across, and they were very close, too. There is no question the officer's

car came down the street car tracks and hit her. I saw that. * * * The girl was knocked out in the intersection I would say possibly 15 feet. * * * I would say he knocked the girl in the air about 15 feet, maybe a little more or less. I wouldn't say how far he knocked her ahead of the car. I would say her body was on the car tracks ahead of this automobile, after the automobile stopped, around 15 or 20 feet. He probably skidded 15, 20 feet after the automobile hit her. The girl's body lay 15 feet ahead of the automobile, west, and in front of the car on the car tracks, and her body was knocked up in the air around 15 feet, possibly more or a little less. I saw her in the air, saw her shoes flying up and her purse flying up, 15 feet in the air. She was knocked west of the car, out in the intersection.''

The foregoing facts distinguish this case from *DeJager* v. *Vandenberg*, 288 Mich. 136 (6 N. C. C. A. [N. S.] 341).

Under the circumstances here disclosed and in the light of 1 Comp. Laws 1929, § 4700, subd. (a), as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4700, Stat. Ann. 1945 Cum. Supp. § 9.1568), it cannot be said that plaintiff was guilty of contributory negligence as a matter of law. Also, there was testimony tending to show that she was free from contributory negligence.

Although the decision in *Smarinsky* v. *Markowitz*, 265 Mich. 412, turned on the issue of subsequent negligence, what the court said there is applicable:

''When defendant approached the intersection the red light was against him and he saw the pedestrian crossing under its protection. This called upon him to exercise care commensurate with the circumstances. It is true the light changed just as defendant reached the intersection but he approached the intersection with the warning that pedestrians

were invited to cross and saw the pedestrian crossing. Such invitation to cross and protection while doing so did not cease upon change of light while the pedestrian was in the act of crossing. The change of light did not authorize defendant to continue his course at high speed, regardless of circumstances open to his view."

This is nevertheless applicable here even though defendant claims he did not see plaintiff crossing the intersection.

If there is substantial evidence tending to support the verdict it should not be set aside even though this court might be in doubt as to the ultimate facts. *Pulford* v. *Mouw,* 279 Mich. 376. The conflicting testimony, together with the physical facts and circumstances, clearly presented a question of fact for the jury's determination. The record has been examined and we find there is substantial evidence tending to support the verdict.

The judgment is affirmed, with costs to appellee.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. STARR, J., took no part in the decision of this case.