## DULEMBA *v.* TRIBBLE.

1. AUTOMOBILES—HOIST IN GASOLINE STATION—CONTRIBUTORY NEG-
LIGENCE OF ATTENDANT.

    In gasoline station attendant's action for injuries sustained
    when defendant drove his car with hydraulic brakes, which
    plaintiff and defendant and latter's employer all knew were
    defective, onto hoist and over it so as to pin plaintiff be-
    tween car and a bench, plaintiff who had walked from a
    position of safety alongside of hoist to a place in front of
    car and hoist was properly found guilty of contributory
    negligence as a matter of law, notwithstanding under
    some circumstances it had been customary for employees
    to guide drivers onto the hoist from the place where plain-
    tiff had put himself.

2. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — MINORS — QUESTION
FOR JURY.

    Fact that plaintiff was only 18 years of age *held,* insufficient
    to make question of his contributory negligence one of fact
    for the jury in his action for injuries sustained when he
    placed himself in front of car being driven onto hoist at
    gasoline station where he had worked for over a year and
    knew that a car with defective brakes might not stop at
    the end of the hoist.

3. SAME—SUBSEQUENT NEGLIGENCE.

    To apply the theory of subsequent negligence, plaintiff's neg-
    ligence must have put him in a position of danger, have left
    him there, and have ceased to operate as the proximate cause
    of the accident and defendant must have discovered plain-
    tiff's peril in time to have been able to avoid the accident

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 38 Am Jur, Negligence, § 348.
[2] 38 Am Jur, Negligence, §§ 204, 205.
[3, 4] 38 Am Jur, Negligence, § 217 *et seq.*
[3, 4] Doctrine of last clear chance.   92 ALR 47; 119 ALR 1041;
    171 ALR 365.

and have failed to do so, so that defendant's negligence operates as the proximate cause of the accident.

4. AUTOMOBILES—HOIST AT GASOLINE STATION—DEFECTIVE BRAKES—SUBSEQUENT NEGLIGENCE—GROSS NEGLIGENCE—EVIDENCE.

In gasoline station attendant's action against customer who came to station to have defective brakes repaired, there was no occasion to apply the doctrine of subsequent negligence, where there was no testimony that defendant could properly have determined that plaintiff had placed himself in a position of peril as defendant drove the car onto hoist, or should have discovered plaintiff's peril and had time sufficient, with the means at hand, to avoid the accident, or that defendant proceeded in wilful and wanton disregard of discovered peril rendering him guilty of gross negligence.

Appeal from Jackson; Simpson (John), J. Submitted April 13, 1949. (Docket No. 80, Calendar No. 44,349.) Decided June 6, 1949.

Case by Frank Dulemba, by his next friend, against Clarence Tribble for personal injuries sustained when he was struck by defendant's automobile. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Dahlem & Dahlem,* for plaintiff.

*Kleinstiver & Anderson,* for defendant.

DETHMERS, J. Plaintiff was employed as an attendant in a gasoline station. Defendant drove his automobile to the station to have its hydraulic brakes repaired. Plaintiff's employer examined them outside the station and then turned the job over to plaintiff, telling him that either the fluid had leaked from the hydraulic system or the latter needed bleeding to remove accumulated air. Plaintiff testified that he examined the automobile, still outside the station, and found a little brake fluid present; that if there were any fluid to be seen there

would still be a full brake, and that if the difficulty were due to air in the lines then pumping the brake pedal 3 or 4 times would stop a car going at a "slow gait." Plaintiff further testified that he "knew the brakes were practically gone when the car came there;" that his employer told him defendant "didn't have any brakes on that car;" that he got in the car and manipulated the brake pedal and then told a bystander that he got no pressure when pumping the pedal; that he knew the brakes were in bad shape; that he knew that if the automobile were driven onto a hoist there was a possibility of its not stopping and that he might have to step in front of the car to stop it himself.

After such examination, and with such knowledge of the condition of the brakes, plaintiff told defendant to drive the automobile over a hoist located inside the station. Defendant maneuvered his automobile into a position directly in front of and about 35 feet from the entrance. The hoist was of a character such that safety required very accurate aligning of the car thereon. It was necessary and the customary practice for the attendant to place himself in the path of the car to guide the driver over the hoist. For that purpose plaintiff walked into the station and stood on a crossbar at the center of the hoist, facing defendant's car. Defendant proceeded forward toward the entrance at a "creeping" or "crawling" rate of speed, plaintiff directing his progress to right or left by manual motions until defendant reached a point 10 to 15 feet from the entrance. It was necessary and customary for the attendant then to take a position in front of and at the far end of the hoist in order to continue guiding the driver. Consequently, plaintiff waved to defendant to come on in, told him to take it easy, turned to one side and stepped down off the hoist onto the floor next to it. Defendant's car meanwhile jerked

forward to a speed of from 5 to 7 miles per hour. Plaintiff then walked, with his back to defendant, from the center crossbar along the right side of the hoist to a position opposite the front thereof and thereupon turned to his left and walked in front of the hoist. From the time he left the crossbar until he placed himself in front of the hoist he never looked at defendant's approaching car. When plaintiff reached a point approximately at the center of the front of the hoist he turned to face defendant's car and found that it had then just about covered the hoist and was but 4 or 5 feet from him, coming too fast for plaintiff to get away. He just had time to holler "Stop" and to jump up, whereupon, there being no device in front of the hoist to stop the car, plaintiff was struck and pinned against a bench, causing him the injuries for which this suit is brought.

The trial court directed a verdict for defendant on the ground that plaintiff was guilty of contributory negligence as a matter of law in failing to maintain a lookout for defendant's car and in stepping in front of it without looking to see where it was or at what speed it was approaching.

Plaintiff contends that the question of his contributory negligence was one of fact for the jury. A considerable portion of his brief is devoted to the proposition that it was not negligent to stand on or in front of the hoist to guide the approaching automobile because such action was both necessary and customary. There is no evidence, nor could there well be, that it was necessary or customary for an attendant to step from a position of safety alongside the hoist to a position of danger in front of it without making any observations of the approaching automobile or taking any precautions for his own safety. Granting plaintiff's contention that he had a right to rely on the assumption that defendant

would drive over the hoist at a slow rate of speed and in a careful and prudent manner, that right was not absolute so as to relieve plaintiff from the duty of taking heed for his own safety. *Dahlerup* v. *Railroad Co.,* 319 Mich 96; *Union Trust Co.* v. *Railway Co.,* 239 Mich 97 (66 ALR 1515); *Paquette* v. *Consumers Power Co.,* 316 Mich 501. Viewing the testimony in the light most favorable to plaintiff, the fact still remains that plaintiff knew that the automobile was approaching over the hoist, that its brakes were defective, that there was a possibility that the automobile would not stop when it got over the hoist, and that there was nothing in front of the hoist to stop it so that he might have to stop it himself. Knowing all this, plaintiff, nevertheless, without looking or taking any precautions for his own safety whatsoever, stepped into what he knew or should have known was a position of danger in front of the approaching car. In so doing he was guilty of contributory negligence as a matter of law. *Dahlerup* v. *Railroad Co., supra; Selman* v. *City of Detroit,* 283 Mich 413; *Johnson* v. *City of Pontiac,* 276 Mich 103; *Rice* v. *Goodspeed Real Estate Co.,* 254 Mich 49; *Evans* v. *Orttenburger,* 242 Mich 57; *Malone* v. *Vining,* 313 Mich 315; *Beers* v. *Arnot,* 308 Mich 604; *Sloan* v. *Ambrose,* 300 Mich 188; *Kerr* v. *Hayes,* 250 Mich 19; *Smith* v. *Ormiston,* 242 Mich 600.

Plaintiff had acquired over a year's experience as an attendant in this station, revealed a comprehensive knowledge of brakes, and admitted that he knew the car might not stop at the end of the hoist. The fact that he was not yet of full age, but only 18 years of age, does not serve, under such circumstances, to make the question of his contributory negligence one of fact for the jury. *Zebell* v. *Buck,* 263 Mich 93. For cases in which children considerably younger than plaintiff were held guilty of con-

tributory negligence as a matter of law for stepping into the paths of oncoming vehicles without having made due observation, see *Trudell* v. *Railway Co.,* 126 Mich 73 (53 LRA 271); *Stahl* v. *Railroad Co.,* 227 Mich 469; *Brinker* v. *Tobin,* 278 Mich 42; *Ackerman* v. *Advance Petroleum Transport, Inc.,* 304 Mich 96.

Plaintiff urges that irrespective of contributory negligence on his part he should have been permitted "to go to the jury under the last clear chance, or subsequent negligence, doctrine." In *Sloan* v. *Ambrose, supra,* this Court said:

"To apply the theory of subsequent negligence, plaintiff's negligence must have put him in a position of danger, have left him there, and have ceased to operate as the proximate cause of the accident and defendant must have discovered plaintiff's peril in time to have been able to avoid the accident and have failed to do so, so that defendant's negligence operates as the proximate cause of the accident. * * * When the driver saw the peril that plaintiff was in, it was too late to avoid the accident."

To the same effect, see *Mallory* v. *Pitcairn,* 307 Mich 40; *Davidson* v. *City of Detroit,* 307 Mich 420; *Morrison* v. *Hall,* 314 Mich 522. No proofs were adduced from which it might be concluded that there was any reason for defendant to anticipate, while plaintiff was walking along the right side of the hoist, that he would turn and step in front of it without looking or taking heed for his own safety. There was no evidence to go to the jury from which it could properly have determined that after plaintiff had placed himself in such position of peril, let alone after defendant had discovered, or in the exercise of ordinary care should have discovered, plaintiff in that position, defendant had time sufficient, with the means at hand, to avoid the accident. Defendant was not shown to have proceeded in wilful

and wanton disregard of discovered peril rendering him guilty of gross negligence.

Affirmed, with costs to defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.