SCHNEPF *v.* ANDREWS.

1. NEGLIGENCE—INSTRUCTION IN JITTERBUG DANCING—EVIDENCE.
   Evidence supported finding of jury that defendants' dancing instructor was negligent in failing to keep hold of plaintiff and in giving her an excessive push at inception of the spin-turn in jitterbug dancing lesson.

2. SAME—ASSUMPTION OF RISK—INSTRUCTION IN DANCING.
   A pupil in a dancing studio assumes the foreseeable risks of injuries ordinarily incident to the giving and receiving of instructions in the dances taught but does not assume the risk of injury received through the negligent act of the instructor in giving the lesson, a risk which could not be foreseen, since the studio proprietors owe to the pupils the duty to exercise the care and skill commensurate with the risk involved.

Appeal from Wayne; Maher (Thomas F.), J. Submitted April 9, 1952.   (Docket No. 12, Calendar No. 45,234.)   Decided May 16, 1952.   Rehearing denied June 27, 1952.

REFERENCES FOR POINTS IN HEADNOTES
[2] 38 Am Jur, Negligence §§ 171–173.
[2] Liability for injury to or death of participant in game or contest.   7 ALR2d 704.
   Tort liability of public schools and institutions of higher learning as to physical education or training, gymnastics, games, sports, or school athletics.   160 ALR 178.
   Tort liability of private schools as to athletics.   160 ALR 279.

Case by Theresa Schnepf against Curtis R. Andrews and another, doing business as Arthur Murray Studios of Dancing, for injuries sustained in fall. Verdict for plaintiff. Judgment for defendant notwithstanding the verdict. Plaintiff appeals. Reversed and judgment ordered entered for plaintiff.

*Paul W. Harty,* for plaintiff.

*Snider & Feikens,* for defendants.

Reid, J. Plaintiff brought action against the defendants for negligent acts of an instructor employed by defendants in giving plaintiff a lesson in dancing the dance known as "jitterbug." The jury rendered a verdict for plaintiff. On motion of defendants, the court rendered judgment for defendants notwithstanding the verdict. Plaintiff appeals.

The business of defendants was to give instruction at their studio in 6 dances known as rumba, samba, fox trot, waltz, jitterbug and tango. On November 24, 1948, plaintiff contracted with defendants to take certain dancing lessons. She had seen and known something of the dance called jitterbug and expressed to defendants' instructor, Mr. Hartshorne (called however, Mr. Hart), her fear of the jitterbug dance as being too violent and that she could not "take it." Plaintiff was then 52 years of age. She testified that after an argument of several minutes she was persuaded by Mr. Hart to practice jitterbugging. Plaintiff had had several lessons in dancing, but did not begin her instruction in the jitterbug dance as part of her earlier lessons. Plaintiff testified that Mr. Hart told plaintiff respecting the jitterbug dance, "There is nothing to it," and that Mr. Hart promised her that he would hang onto her hand, and that Mr. Hart did hang onto her hand for once and on the second occasion, when they came

to the critical part of the dance called the spin-turn, he let loose of her hand and that she staggered back, lost her balance and fell against the wall, that her feet went out from under her and she received an injury to her wrist fracturing some bones in her wrist. Plaintiff also testified that after she had started on the second occasion, and while Mr. Hart was still holding her hand and about to release his hold, he gave her a push. It is the claim of the plaintiff that the push into the spin-turn was too hard a push and the release, contrary to his promise, by Hart of his hold on her hand at the inception or in the midst of the spin-turn, was negligence. Plaintiff claims that the release of hold of her hand and the excessive push both contributed to cause her injury, and that her injury was due to the negligence of Hart in giving the lesson.

Plaintiff testified that after she was injured, she heard Mr. Hart say to a Mr. Edward Smegalski that he, Hart, pushed her "a little too hard."

Defendants deny that the evidence discloses any negligence or negligent acts by the defendants and particularly, by their instructor, their employee, Mr. Hart.

While some of the statements of plaintiff in her testimony could have been considered by the jury as inconsistent, still there is substantial showing in the testimony within the ruling of this Court in *Werker* v. *McGrain,* 315 Mich 287, so that the claim of plaintiff as to the negligent act of Hart is to be considered as sufficiently supported by testimony to warrant the jury in making the finding that it did make, that Hart was negligent.

Defendants claim that plaintiff assumed the risk of receiving injuries and that therefore she is not to be permitted to recover for the injuries received. Plaintiff assumed the foreseeable risk ordinarily incident to the giving and receiving of instructions in

the jitterbug dance, but did not assume the risk of injury received through the negligent act of the instructor in giving the lesson, which risk could not be foreseen. Defendants owed to plaintiff the duty to exercise the care and skill commensurate with the risk involved.

The jury by its verdict evidently found that Hart had violated his duty and had negligently given the lesson, and that as a consequence of such negligence, plaintiff was injured. The risk of such injury was not assumed by plaintiff. The trial court was in error in ruling that the plaintiff assumed the risk of injuries caused by the negligent acts of the instructor.

The reasonableness of the amount of the verdict is not in controversy.

The judgment notwithstanding the verdict is reversed. The case is remanded to the trial court with instruction to reinstate the verdict and enter a judgment on the verdict. Costs to plaintiff.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.