*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTINE HARRIS,

      Plaintiff-Appellee,

v

CITY OF ANN ARBOR,

      Defendant-Appellant.

UNPUBLISHED
January 19, 2023

No. 358854
Washtenaw Circuit Court
LC No. 20-000265-NO

Before: HOOD, P.J., and CAMERON and GARRETT, JJ.

PER CURIAM.

In this interlocutory appeal, defendant, the City of Ann Arbor ("Ann Arbor") appeals as of right the order denying its motion for summary disposition under MCR 2.116(C)(7) and (10). We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises from a motorcycle accident involving plaintiff Christine Harris and her ex-husband, Kenneth Harris. On May 31, 2019, Christine was a passenger on the motorcycle and Kenneth was the operator. Kenneth turned the motorcycle down a one-way street in Ann Arbor. He immediately realized he was going in the wrong direction and made a U-turn to correct his direction of travel. The motorcycle hit a pothole, causing it to tip sideways. Christine's leg and ankle were severely injured.

Soon after the accident, Christine sent Ann Arbor a notice of intent ("NOI") to file a claim. Some months after that, Christine filed the complaint in this case, alleging negligence against Ann Arbor for failure to maintain the roadway. Ann Arbor moved for summary disposition under MCR 2.116(C)(7) and (10) asserting immunity under the Governmental Tort Liability Act ("GTLA"), MCL 691.1401 *et seq.*, and that it was not subject to the "highway exception" of the GTLA. The trial court denied the motion, concluding there was a sufficient question of fact as to Ann Arbor's liability. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a grant or denial of a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition may be granted under MCR 2.116(C)(7) if the defendant is entitled to "immunity granted by law." *Moraccini v City of Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012); quoting MCR 2.116(C)(7). "A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence. If such material is submitted, it must be considered." *Maiden*, 461 Mich at 119.

By contrast, "[a] motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Id*. at 120. Summary disposition is proper under this subsection if "the proffered evidence fails to establish a genuine issue regarding any material fact[.]" *Id*. In reviewing a motion under MCR 2.116(C)(10), courts "consider[] affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion." *Id*. Under the burden-shifting framework of this court rule:

> [T]he moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996) (citations omitted)].

Further, this Court reviews de novo issues involving statutory interpretation. *Deutsche Bank Trust Co Americas v Spot Realty, Inc*, 269 Mich App 607, 612; 714 NW2d 409 (2005).

> When interpreting a statute, our primary goal is to give effect to the intent of the Legislature. If the language of a statute is unambiguous, we presume the Legislature intended the meaning expressed in the statute. A statutory provision is ambiguous only if it conflicts irreconcilably with another provision or it is equally susceptible to more than one meaning. When construing a statute, we must assign every word or phrase its plain and ordinary meaning unless the Legislature has provided specific definitions or has used technical terms that have acquired a peculiar and appropriate meaning in the law. [*Grand Rapids v Brookstone Capital, LLC*, 334 Mich App 452, 458; 965 NW2d 232 (2020), quoting *Sau-Tuk Indus, Inc v Allegan Co*, 316 Mich App 122, 136; 892 NW2d 33 (2016).]

## III. LAW AND ANALYSIS

Ann Arbor argues the trial court erred in denying its motion for summary disposition because there was no genuine question of fact regarding the highway exception to governmental

immunity under the GTLA.  Ann Arbor also contends Christine provided inadequate notice of the defect because she did not specify the "exact location" of the pothole.  We disagree.

## A.  FOUNDATIONAL LAW

The GTLA provides that "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function."  MCL 691.1407(1).  Ann Arbor is a governmental agency for purposes of the GTLA.  *Weaver v Detroit*, 252 Mich App 239, 243; 651 NW2d 482 (2002).  And, the maintenance of its streets qualifies as a governmental function.  See, e.g. *Russo v City of Grand Rapids*, 255 Mich 474, 477; 238 NW 273 (1931) ("The city, in sanding the intersections, was engaged in a nonremunerative governmental function . . . .").  A plaintiff avoids governmental immunity and may sue the agency in tort if one of the exceptions to immunity applies.  *Milot v Dep't of Transp*, 318 Mich App 272, 276; 897 NW2d 248 (2016).  "This Court broadly construes the scope of governmental immunity and narrowly construes its exceptions."  *Id*.

The "highway exception" is one of the exceptions to general governmental immunity.  *Id*.  Under this exception, governmental agencies are required to "maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel."  MCL 691.1402(1).  However, an agency is not liable under the highway exception if it did not have knowledge of the defect.  Specifically,

> No governmental agency is liable for injuries or damages caused by defective highways unless the governmental agency knew, or in the exercise of reasonable diligence should have known, of the existence of the defect and had a reasonable time to repair the defect before the injury took place.  Knowledge of the defect and time to repair the same shall be conclusively presumed when the defect existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place.  [MCL 691.1403.]

To avoid governmental immunity under the highway exception, a plaintiff must also satisfy the GTLA's notice requirement.  This means the plaintiff must "serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant."  MCL 691.1404(1).  This notice should be served within 120 days from the time the alleged injury occurred.  MCL 691.1404(1).  The purpose of the notice requirement is "to provide the governmental agency with an opportunity to investigate the claim while the evidentiary [trail] is still fresh and, additionally, to remedy the defect before other persons are injured."  *Burise v City of Pontiac*, 282 Mich App 646, 652; 766 NW2d 311 (2009), (alteration in original); quoting *Hussey v City of Muskegon Hts*, 36 Mich App 264, 267-268; 193 NW2d 421 (1971).

Ann Arbor argues there was no genuine dispute of fact (1) that it lacked notice of the alleged defect; and (2) that the roadway surrounding the pothole was reasonably safe for travel.  Ann Arbor also contends that Christine failed to adequately notice the specific location of the pothole.  We address each argument in turn.

## B. KNOWLEDGE OF THE DEFECT

Again, a plaintiff avoids governmental immunity under the highway exception so long as the government-defendant had knowledge the defect existed. *Wilson v Alpena Co Rd Comm*, 474 Mich 161, 163; 713 NW2d 717 (2006). Knowledge may be actual or constructive. *Id*. Constructive knowledge requires that "the defect existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place." *Id*., quoting MCL 691.1403.

At issue in this case is whether Ann Arbor had constructive knowledge of the pothole. Ann Arbor's evidence attached to its motion for summary disposition established that its employees had inspected the area surrounding the pothole in the month before Christine's accident. Ann Arbor notes that its employees inspected the area, yet no repairs were made—suggesting no repairs were necessary.

Christine's evidence in response to the motion for summary disposition included the PASER[1] report, showing a progressive deterioration of the area around the pothole from May 15, 2014 to September 23, 2019. She also attached her expert's report indicating that "[r]ecords obtained from the City of Ann Arbor under FOIA prove that the City has know [sic] of the pothole, at least since 2014, and had it on their repair list for 7 years." This report noted "the hazard was known by the City of Ann Arbor, and only inadequate repair attempts were made, then recording the need for better repairs, and then letting it go for several more years."

Under the burden-shifting framework of a (C)(10) motion for summary disposition, Ann Arbor satisfied its initial burden as the moving party because it presented evidence supporting its assertion it lacked knowledge of the pothole. *Quinto*, 451 Mich at 362-363. The burden then shifted to Christine to present rebuttal evidence. Christine satisfied her burden because her evidence showed that Ann Arbor knew about the defect for a significant period of time prior to the incident. As such, the trial court was required to construe any conflicts in the evidence in a light most favorable to Christine. Christine's evidence showed Ann Arbor may have had knowledge of the pothole. There remained a genuine question of fact regarding the knowledge element, and the trial court did not err in denying the motion for summary disposition as to this issue.

Even so, Ann Arbor argues this Court should reach the same conclusion as in the unpublished and not binding[2] decision, *Davis v Kalamazoo*, unpublished per curiam decision of the Court of Appeals, issued May 6, 2021 (Docket No. 354220). Like this case, *Davis* involved a motorcyclist who was injured after his motorcycle struck a pothole. *Id*. at 1. The *Davis* defendant moved for summary disposition, in part, because the plaintiff could not prove actual or constructive knowledge of the defect. *Id*. at 2. In response, the plaintiff presented several exhibits, purportedly demonstrating the defendant's knowledge of the defect. *Id*. These exhibits included: photographs

---

[1] PASER stands for "pavement surface evaluation and rating."

[2] "[U]npublished opinions of this Court are not binding precedent . . . they may, however, be considered instructive or persuasive." *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010) (citations omitted); see also MCR 7.215(C)(1).

of the pothole taken after the accident, a PASER rating of "poor," and earlier citizen complaints about the condition of that area of road. *Id*. at 2. This Court upheld the trial court's conclusion that the plaintiff's evidence failed to demonstrate a genuine question of fact regarding whether the defendant had knowledge of the defect. *Id*. at 5.

Ann Arbor argues that this Court should follow *Davis* because "[Christine] relies on the very same categories of evidence in the present case which like *Davis*, are insufficient to create a genuine issue of material fact regarding actual or constructive notice." But there is one distinct difference between this case and *Davis*. In addition to the citizen complaints, PASER report, and photographs, Christine presented an expert's opinion which supported her assertion that Ann Arbor had knowledge of the pothole. Indeed, the *Davis* court said that an expert's opinion is potentially dispositive, stating that "[the plaintiff] did not present expert witness testimony that, because of the specific characteristics of this pothole, it was reasonably likely that the pothole existed for more than 30 days before plaintiff's accident." *Davis*, unpub op at 5 (footnote omitted). As discussed, the sum of Christine's evidence demonstrates a sufficient question of fact as to the issue of knowledge. Therefore, we are not persuaded by the reasoning articulated in *Davis*.

Ann Arbor next challenges the "vague and conclusory" statement in the expert report concluding Ann Arbor knew of the defect since 2014. In Ann Arbor's view, this Court should not rely on the expert's report because the report lacked sufficient factual support. But Ann Arbor's arguments in this appeal do not challenge the admissibility of the expert's opinion. Rather, its arguments on appeal challenge the *weight* this Court should afford the expert's opinion. But Ann Arbor confuses this Court's role on appeal. It is the purview of this Court to decide issues of law, and "the weight or reliability (if any) given to the evidence—is reserved solely to the fact-finder." *Mitchell v Kalamazoo Anesthesiology, PC*, 321 Mich App 144, 156; 908 NW2d 319 (2017). Thus, we disregard this argument and leave the weight of the expert's opinion to the factfinder in the trial court.

## C. REASONABLY SAFE FOR PUBLIC TRAVEL

Next, Ann Arbor argues there was no genuine dispute of fact that the roadway was reasonably safe for travel. A governmental agency having jurisdiction over a roadway has a duty to maintain the roadway in reasonable repair and will only be liable for damage "if the road has become, through lack of repair or maintenance, not reasonably safe for public travel." *Wilson*, 474 Mich at 167. An imperfection in a roadway does not rise to the level of a compensable defect unless the imperfection is one which renders the highway not "reasonably safe and convenient for public travel." *Id*. at 168.

The term "reasonably safe for public travel" refers to "the duty to maintain and repair." *Id*. at 167 (citation omitted). In other words, there is not "a second duty to keep the highway reasonably safe." *Id*. (quotation marks and citation omitted). "Hence, the Legislature has not waived immunity if the repair is reasonable but the road is nonetheless still not reasonably safe because of some other reason." *Id*. However, the inverse is also true—that is, "the Legislature has not waived immunity where the maintenance is allegedly unreasonable but the road is still reasonably safe for public travel." *Id*. at 168.

In its motion for summary disposition, Ann Arbor argued the complaint failed to establish that the relevant area was not reasonably safe for public travel. In support of this argument, Ann Arbor stated that while the photographs of the area showed "the road was uneven, bumpy or contained a single shallow pothole," these photographs failed to show the roadway was unsafe. It pointed out that the pothole was "less than two inches deep" and "[t]here is not sharp or significant decline at all." Ann Arbor noted the pothole at issue was off to the side of the roadway, suggesting it was not particularly risky to vehicles driving in the area.

Christine responded, contending the pothole made the roadway unsafe for public travel. To support this argument, she pointed to the photographs, stating "there is very clearly a large pothole and many cracks in the roadway where the incident occurred." She emphasized the expert's opinion which, again, concluded the nature of the pothole caused the roadway to be unsafe for travel, despite Ann Arbor's attempts to repair the area. Christine also referenced the PASER report and "Asphalt 2" rating which meant the area had "severe rutting or distortion, closely spaced cracks with erosion, frequent potholes, and extensive patches in poor condition."

Ann Arbor's argument that the area was safe for public travel was premised on the pothole's location in the roadway and its shallowness. However, Christine's evidence in rebuttal focused on other factors including: the "loose" debris at the bottom of the pothole; the confusing nature of the intersection; limited visibility caused by trees and other shrubbery; and evidence of "inadequate patching." Again, with respect to motions for summary disposition under MCR 2.116(C)(10), courts should consider any conflicts in the evidence in favor of the nonmoving party and summary disposition is only appropriate where the evidence shows no conflicts in the evidence. While Ann Arbor's evidence shows the roadway might have been safe for public travel due to the pothole's location and its shallowness, Christine's evidence shows the opposite. That is, the nature of the intersection coupled with the deterioration of the roadway could pose a risk to public travel. Considering the evidence in favor of Christine, a reasonable factfinder could conclude the area was not reasonably safe for public travel. Thus, the trial court did not err in denying summary disposition on this basis.

D. NOTICE

Ann Arbor next argues that the trial court erred in denying summary disposition because Christine failed to provide adequate notice of the specific location of the defect. According to Ann Arbor, Christine's notice was insufficient because it failed to provide (1) "a specific address;" (2) the "side of the street the alleged defect was located;" (3) the defect's location "in relation to any other landmark;" and (4) "any characteristic of the alleged defect at all."

As stated above, a plaintiff may only avoid governmental immunity if they have given the governmental agency adequate notice of the alleged defect. MCL 691.1404(1). This notice must include, "the exact location . . . of the defect." MCL 691.1404(1). In *Plunkett v Dep't of Transp*, 286 Mich App 168, 174; 779 NW2d 263 (2009), this Court considered whether a plaintiff's notice was sufficient under MCL 691.1404. According to the *Plunkett* defendant, the plaintiff's notice

was insufficient because it did not contain "strictly accurate or correct identification of the alleged highway defect." *Id.* This Court held:

> [A]ll that is required to create a legally sufficient notice is that the plaintiff substantially comply with the notice requirement, and the description of the nature of the defect may be deemed to substantially comply with the statute when coupled with the specific description of the location, time and nature of injuries. [*Id.* at 178 (quotation marks and citation omitted).]

Put differently, a plaintiff will not be held to a hypertechnical or hyperdetailed description of the defect, so long as the recipient of the notice could reasonably locate the defect from the description.

Christine's NOI to Ann Arbor stated she was "travelling [sic] southbound on Pontiac Trail near the intersection with Moore Street in Ann Arbor, Michigan. As the motorcycle approached the Moore Street intersection, the wheel of the motorcycle hit a large pothole, causing it to run off the roadway and into the curb." Attached to the NOI was a Google map of the intersection where the accident occurred. There were also closeup pictures of the pothole.

The Google map accurately depicted the general intersection where the accident occurred. Christine said that the accident occurred while she turned southbound from Pontiac Trail to Moore Street, which demonstrates the trajectory of her travel through the intersection. Finally, the photographs of the pothole at issue further narrows the location of the defect. Indeed, a recipient of the NOI could travel to the exact intersection where the incident occurred, turn from southbound Pontiac Trail to Moore Street, then look for the pothole matching the one depicted in the photographs. Christine's information substantially complied with the "exact location" requirement and the trial court did not err in denying summary disposition under MCR 2.116(C)(7).

Affirmed.

/s/ Noah P. Hood
/s/ Thomas C. Cameron
/s/ Kristina Robinson Garrett

-7-